No. 17.—GREEN TINSLEY, plaintiff in error vs. WILLIAM S. BEALL, defendant in error.

[1.] The maker of a promissory note, in an action by the indorsee who received it after due, cannot set off a demand against the payee, unless such demand is connected with, or grew out of, the original transaction for which the note was given, or attaches to the note itself; he cannot set off a demand arising out of collateral matters.

[2.] To authorize a defendant to set off a demand under the 24th section of the Judiciary Act of of 1799, such demand must be against the plaintiff in the action.

Action by indorsee against maker, and set-off against payee, pleaded.   From Baker Superior Court.   Tried before Judge WARREN, in December, 1846.

For the facts of the case, see the decision of the Supreme Court.

PETER J. STROZIER, for the plaintiff in error, insisted that a note transferred after due, is subject to all the defences that it would be in the hands of the payee, and in such case the holder is in no better condition than the payee was before the transfer; and cited the following authorities:

Brown vs. Davis, 3 T. R. 80; Puller and others, assignees &c. of Forbes et al. vs. Roe and others, bankrupts, Peake R. 197; Crawford, admr. vs. Beall, admr. Dudley Geo. R. 204; Green admr. vs. Hatch & Hatch, 12 Mass. R. 201; O' Callagan vs. Sawyers, 5 John. R. 118; Driggs vs. Rockwell, 11 Wend. R. 504; Briggs vs. Johnson, 5 Wend. R. 342; Tuttle vs. Beebe, 8 John. R. 152; Ford vs. Stuart, 19 John. R. 342; Metzgar vs. Metzgar, 2 Rawle. R. 121; Barrington on Set-Off, 2; 3 Esp. N. P. R. 104; 6 Cranch, 203.

WILLIAM H. CRAWFORD, for the defendant in error, relied on the following authorities:

In an action by the transferee of a negotiable note, (transferred after due,) against the maker, the defendant cannot plead, as a set off against the plaintiff, a debt due to him by the payee.   Story on Bills, 244; Chitty on Bills, 220; 10 Barn. & Cress. R. 558; 5 Cowen R. 236; 6 Cowen R. 693; Prince Dig. 425.

Tinsley *vs.* Beall.

*By the Court*—WARNER, J. delivering the opinion.

In this case the plaintiff, William S. Beall, instituted his action of assumpsit against the defendant, Green B. Tinsley, on two promissory notes made by him, payable to one B. M. Griffin or bearer, for the aggregate sum of eleven hundred and sixty-six dollars. The payee, B. M. Griffin, transferred said notes to the plaintiff by indorsement, after the same became due. The defendant plead that Griffin, the payee of the note, was indebted to him a large amount on open account, a bill of particulars of which is attached to his plea, and claimed the right to set off the same against the plaintiff. At the trial the Court below ruled out his plea of set-off, on the ground that it did not relate to the original consideration of the notes; to which decision of the Court the defendant excepted, and now assigns the same for error in this Court. It is contended, on the part of the plaintiff in error, that Beall, the indorsee of [1.] the notes after they became due, took them subject to all the *equities* which existed between the original parties, and therefore he had the right to set off his account against him. It is true the plaintiff took the notes subject to all the equities which existed between the original parties growing out of *the contract* of which the notes were the evidence, such equities only as attach on the notes themselves or grow out of that *particular transaction,* but not to claims arising out of *collateral* matters having no connexion whatever with the notes, as the account exhibited in this case, which does not appear to have any relation to the notes whatever. *Story on Bills,* 244, *sec.* 220, *Id* 208, *note; Burrough* vs. *Moss,* 10 *Barn. & Cress.* 558; 21 *Common Law R.* 128. In this case Bayley, Judge, who delivered the judgment of the Court, says, "the impression on my mind was that the defendant was entitled to the set-off; but, on discussion of the matter with my Lord Tenterden and my learned brothers, I agree with them in thinking that the indorsee of an overdue bill or note is liable to such equities only as attach on the bill or note itself, and not to claims arising out of collateral matters."

Can the set-off be allowed under our Statute of 1799? It [2.] is declared by that act "in all cases of mutual debts and sets-off, where the jury shall find a balance for the defendant, such defendant may, and shall, enter up judgment for the amount, and take out execution in such manner as plaintiffs may do by this act; and where the *plaintiff* shall be indebted to the defendant on open

account for dealings between themselves, and where the defendant shall hold and possess in his own right, by assignment, indorsement or otherwise, according to law, any bond, note, bill, or other writing for money, or other thing of *the said plaintiff*'s, such defendant shall, and may, offer the same as sets-off, and on due proofs shall be allowed the same."

This act it will be perceived contemplates an indebtedness by open account of *the plaintiff* in the action, or where the defendant shall hold a note, bill or bond of *the plaintiff*, the defendant shall be entitled to set off the same.   The account attempted to be set off here, is not against Beall the plaintiff in the action, but is against one Benjamin M. Griffin, who is not the plaintiff. That the statute contemplated the demand should be against *the plaintiff* in the action, we think is quite clear, from the fact that the defendant, if his demand is larger than the plaintiff's, may and *shall* enter up judgment for the balance, and take out execution therefor.   If the demand offered as a set-off here, should be larger than the demand sued for by the plaintiff Beall, would the defendant, because he had a larger demand against Griffin, be entitled to a judgment for the balance against Beall who owes him nothing ?   It is *the plaintiff* against whom the judgment is to be rendered for the balance; and to entitle the defendant to such judgment, he must have either an open account against such plaintiff for dealings between themselves, or hold in his own right according to law, a bond, bill, note, or other writing for money, *of the plaintiff's*, for an amount greater than the plaintiff's demand.   The same view has been taken of the statute allowing sets-off in the State of New York, (which is similar to ours) by the courts of that State.   *Wheeler* vs. *Raymond*, 5 *Cowen R.* 231; *Johnson* vs. *Bridge*, 6 *Cowen R.* 693.   To authorize the set-off then, independent of the statute, on the ground that the plaintiff took the note after due, and therefore took it subject to all the equities which existed between the original parties, such equities only are to be understood as *grow out of the transaction* or *contract* for which the note was given, or attach to the note itself, and not to claims arising out of collateral matters having no connexion with the note sued on.

To authorize the set off under the statute, the demand sought to be set off must be against the plaintiff in the action.

The demand which the defendant in this case seeks to set off, having no connexion with the note or its consideration, and not being against the plaintiff in the action, cannot be allowed.   The judgment of the Court below must therefore be affirmed.