## WILKINSON vs. JEFFERS & COTHRANS.

1. Where a negotiable note is transferred as collateral security after maturity, the legal title is vested in the holder, and a set-off against the payee is inadmissible as a defense to the action.

Complaint, in Coweta Superior Court.   Tried before Judge HAMMOND, at September Term, 1859.

This was an action brought by Jeffers & Cothrans, as endorsees against Uriah B. Wilkinson, the maker, on a promissory note, of which the following is a copy :

"$302 22-100. One day after date I promise to pay G. L. Anderson or order, three hundred and two (22-100) dollars, for value received.   August 21st, 1857.
(Signed,)                    " U. B. WILKINSON."
Endorsed : " G. L. ANDERSON, per J. H. Anderson, Attorney."

Defendant pleaded the general issue and payment, and further, " that the said G. L. Anderson, the payee of said promissory note, transferred said note to the plaintiffs long after said note had become due and payable, and that the said payee transferred said note to plaintiffs as collateral security only, who received it as such security, and not in the usual course of trade, and at the time plaintiffs received said note, the payee thereof was, and still is, indebted to defendant a large sum of money, to-wit: the sum of five hundred dollars, for one thousand bushels of wheat sold and delivered to said payee at his request by defendant, before said note became due, and after said note became due, and this the defendant is ready to verify," etc.

To which said last plea plaintiffs demurred, and after argument, the Court sustained the demurrer, and ordered the plea to be stricken.   To which decision counsel for defendant excepted.

Y. J. LONG, M. KENDRICK and JOHN ERSKINE, for plaintiff in error.

SAMUEL FREEMAN, contra.

*By the Court*—LUMPKIN, J., delivering the opinion.

The only question in this case is, whether a negotiable note being transferred by the payee, as collateral security, after maturity, the maker can plead a set-off against the payee, to an action at the instance of the holder?

The point has been fully and satisfactorily discussed upon the cases. And while it is true that there is a conflict of authority both in England and in this country, the better opinion seems to be, that the defense is not admissible; and such has been the uniform tenor of the decisions in this State. *Story on Prom. Notes*, sec. 186-195 *and note; Chitty on Bills,* 74; 3 *Burrow,* 1663; 2 *Kelly,* 92; 3 *ib.,* 47; 4 *ib.,* 428; 18 *Ga. Rep.,* 650; 22 *Ga. Rep.,* 246; 27 *Ga. Rep.,* 20; *Wheaton's Sel. Vol.* 132; *Chitty on Bills,* 5-226; *Story on Prom. Notes,* 178; 5 *Cowen,* 231; *Creswell,* 558; 3 *Vermont,* 540; *Swift vs. Tyson,* 16 *Peters,* 1; 20 *Hon. C.* 5 *Rep.,* 243; 6 *Cush. Rep.,* 469; *Story on Bills,* 192; 8 *Metcl'f,* 40; 3 *Cush. Rep.,* 162; 20 *Vermont,* 569.

The legal title to the note is vested by the transfer in the holder, and notwithstanding the paper be over due, no equity can be set up outside the contract itself.