Staley *vs.* Matheny.

J. M. RUSSELL, for plaintiff in error.

PEABODY, *contra.*

*By the Court,* LUMPKIN, J., delivering the opinion.

This case is covered and controlled by the decision made at this Term in the case of the Mayor and Council of Columbus against John D. Arnold. The ground being, that a party summoned to answer for an offense committed against one ordinance, cannot be proceeded against and punished by another and a different ordinance. And upon the further ground, that the offense, itself, was not charged with sufficient distinctness.

## STALEY *vs.* MATHENY.

The payee of a promissory note agreed with the maker that if he would take up payee's note, held by a third person, it should be received as payment upon his. This the maker did. The maker's note was transferred by the payee after it fell due : *Held,* That the maker was entitled to a credit by way of payment for the note of payee, which he had taken up.

Complaint, in Lee Superior Court. Decision by Judge PERKINS, at March Term, 1860.

Matheny sued Staley on a note dated June 6th, 1855, for $370 00, payable to John C. West, or bearer, and due on the first day of January, 1856. Defendant pleaded that he had partly paid said note in this way : that John C. West, whilst he held said note, agreed if defendant would take up two notes which said West owed one Haywood for the respective sums of $51 18 and $40 08, it should be regarded as pay-

ment *pro tanto* of the note sued on; that defendant took up the Haywood notes as per agreement, and that the plaintiff got the note sued on after it was due.

On the trial of the case, plaintiff's counsel moved the Court to strike out defendant's said plea, which motion was granted by the Court, and defendant's counsel excepted.

F. H. WEST, for plaintiff in error.

GREENLEE BUTLER, for defendant.

*By the Court*, LUMPKIN, J., delivering the opinion.

We can imagine no possible reason why the plea of payment in this case was not good. None has been assigned.

---

## BALL *vs.* DUNCAN.

There is no statute authorizing the Clerk to claim a fee of one dollar in advance for entering a case upon the motion docket. And it was not competent for the Judges in convention to enact such a rule.

Motion, in Randolph Superior Court. Decided by Judge PERKINS, at May Term, 1860.

James E. Duncan, by his counsel, proposed to enter a motion to establish a lost *fi. fa.* on the motion docket of the Court below. The Clerk objected to entering the case until he was paid the sum of one dollar, claiming that he was entitled to that sum under the rule of the Court. The Court, on motion, compelled the Clerk to enter the case, deciding