KINARD vs. SANFORD.

1. A plea of set-off should state the defendant's demand as distinctly as though he were the plaintiff, and when filed to a suit on a negotiable instrument, not in the hands of the payee, it must appear that the paper was received under dishonor, that the set-off grew out of, or was in some way connected with, the contract sued on, that there was mutuality of obligation between the original parties thereto, and that the defendant is the proper party to assert the claim.

2. Whenever a right to recoup exists, it must be exercised by the party or parties who would be authorized to maintain a suit for damages under the contract, or some sufficient reason be alleged to take it out of the legal rule in such cases.

Pleadings. Set-off. Recoupment. Before Judge UN-DERWOOD. Floyd Superior Court. September Term, 1879.

Reported in the decision.

FORSYTH & REESE, by J. H. HOSKINSON, for plaintiff in error

HAMILTON YANCEY, by J. BRANHAM, for defendant.

CRAWFORD, Justice.

W. S. Sanford, as bearer, sued M. F. Kinard on a negotiable promissory note, made by himself and one F. F. Finley, to which the said Kinard filed pleas of set-off and recoupment against C. L. Webb, who was the payee of said note. To which pleas the plaintiff, Sanford, demurred; the demurrer was sustained by the court, and he excepted.

The plea of set-off, as appears from the record, alleged that at and before the time the said note went into the hands of the said plaintiff, C. L. Webb, the payee, was indebted to the defendant and Finley in the sum of one hundred and seventy-five dollars, which he pleads as a set-off to plaintiff's action.

The plea of recoupment alleged that on the 4th day of

Kinard *vs*. Sanford.

November, 1870, they, the defendant and Finley, bought parts of lots of land 220 and 221, Floyd county, together with certain wool-carding and mill machinery, with the right to enter into possession at once and operate the machinery, there being a large amount of wool in the factory to be carded, which the said Finley and defendant had a right to card under the contract, the toll from which was of the value of $200.00, or other large sum; but the said Webb remained in possession of said machinery until he had worked up the material on hand, and the fair average income of the machinery amounted to $200.00, or more, a bond for title being given, and the words, this day possession given, notes being made for the purchase money, $1,-800.00, which have been paid, except the amount sued for.

1. The plea of set-off being a cross action brought by the defendant against the plaintiff, it should set out his demand as fully and distinctly as though he were the plaintiff, and when filed to a suit on a negotiable instrument, not in the hands of the payee, it must appear by the allegations that the paper was received under dishonor, and that the set-off grew out of, or was in some way connected with, the contract sued upon, as well as a mutuality of obligations arising out of the contract between the original parties thereto, and who, in the pending case, can assert it. A set-off pleaded to a note traded after due, cannot be upon *any mutual demand* that defendant had at the commencement of the suit against the payee, but must be confined to the contract on which the plaintiff sues.

This plea it will be seen was fatally defective when tested by the law. A good plea is one that presents a clear and distinct legal issue without drawing from another, and must stand or fall by itself.

2. The plea of recoupment, too, is in all cases confined to the original contract sued upon, and must, like a set-off, be mutual as to those parties. That is to say, whenever a right exists to recoup, that right must be exercised by those who would be authorized to maintain a suit therefor. In

this case the original contract was made as alleged between Webb on one side, and Kinard and Finley on the other, so that if Kinard could maintain an individual suit to recover their joint damages, then in an action against him alone he might recoup, but without some allegation to take it out of the legal rule in such cases, he could not plead it even as against Webb, if he were the plaintiff.

· The plea is otherwise demurrable, the contract is not sufficiently set out, the damages claimed appear to be contingent and speculative, and, as pleaded, if in a suit brought by both the defendant and Finley, could not be maintained, to say nothing of the statute of limitations, which apparently bars their right of action. The demurrer should have been sustained, and the pleas stricken.

Judgment affirmed.