BUTLER, receiver, *v.* MITCHELL *et al.*

ATKINSON, J. 1. Where the holder of a promissory note, other than the payee therein named, who has received the same in dishonor, institutes suit thereon against the maker, the latter may set off, to the extent of the amount due on the note, any sum which may be due from the payee to the maker which is any way connected with the debt sued on or the transaction out of which it sprang. Civil Code, §§ 3750, 4944.

2. But if there be an issue between the parties touching the bona fides of the holder, or the payment of a valuable consideration for the note, and it is rendered questionable whether the defendant will be able to set off the amount due him under the contract against the amount claimed by the plaintiff on the note, and if the plaintiff is the receiver of an insolvent bank, and if the defendant have still another demand against the insolvent bank arising from tort, the defendant in a court of equity may plead both by way of set-off against the plaintiff's demand, and recover a judgment for the excess.

3. Where the defendant in a suit brought to the city court of Macon has a defense of such an equitable nature as described in the second head-note, a court of equity will entertain an application by him to enjoin the prosecution of the suit in the city court and cause the parties to litigate in the court of equity, where full relief may be granted. *National Bank* v. *Carlton,* 96 *Ga.* 469.

4. Where such an application was made to a court of equity and the grounds thereof were positively sworn to, and upon the hearing the application was formally introduced in evidence, it being clearly alleged in the application that the wrong complained of which resulted in the injury to the applicant was the act and fraud of the bank before the appointment of the receiver, there was no abuse of discretion by the chancellor in granting the order enjoining the further prosecution of the suit in the city court and requiring the parties to litigate in the court of equity.

*Judgment affirmed. All the Justices concur.*

Argued March 14,—Decided May 20, 1907.

Injunction. Before Judge Felton. Bibb superior court. April 26, 1906.

*Miller & Jones* and *J. C. Morcock,* for plaintiff in error.

*John I. Hall, Olin J. Wimberly, Erwin & Callaway,* and *Hardeman & Jones,* contra.