## POLK *v.* STEWART.

A plea of set-off to a note traded after maturity can not be founded on any mutual demand that the defendant had at the commencement of the suit against the payee, but must be confined to the contract on which the plaintiff sues. There was no error in directing a verdict for the plaintiff.

NOVEMBER 13, 1915.

Complaint. Before Judge Pendleton. Fulton superior court. December 31, 1914.

*Munday & Cornwell,* for plaintiff in error.

*Charles Montgomery Jr.,* contra.

EVANS, P. J. W. B. Stewart brought an action against W. R. Polk Jr., to recover an amount alleged to be due on a promissory note, dated May 15, 1912, due 60 days after date, for $300 principal, payable to J. A. Brierley or order. The note was indorsed by the payee. The defendant denied his indebtedness, and for further plea alleged that the plaintiff became the holder of the note after its maturity, and that defendant was entitled to set off a credit of $200 on the note, for the reason that J. A. Brierley was indebted to him in that amount, at the time the note in suit became due, on a promissory note for $200, dated July 9, 1912, due 60 days after date, and payable to the order of the defendant. He amended by alleging that when the plaintiff became the holder of the note he well knew that it was the intention of the defendant to claim a set-off of the payee's indebtedness to him as a credit on

the note in suit; and charged that the suit was brought in the name of the, plaintiff in pursuance of a scheme between him and Brierley to defeat the defendant from filing his set-off against the note, and that Brierley is insolvent. On the trial the defendant testified as follows: The note in suit was discounted at the Travelers Bank, from which bank he received a communication that the note had become due. On the day after the note fell due he had · a conversation with the plaintiff, who asked him what he was going to do about the note at the bank, to which he replied that he had a $200 note of Brierley, and intended to apply that to its payment, and was willing to give the plaintiff a note for $100 for the balance. Brierley owed him the amount represented by the note of $200, prior to the time the note in suit fell due, which indebtedness arose out of the installation of an ice-plant. The note sued on was given for the purpose of procuring money to be used in the construction of the building of the ice-plant. The building is owned by the defendant and is rented to the company. Afterwards Brierley, in the latter part of May, made an arrangement with the defendant and one Phelan to make the necessary changes in the plant so that it could be successfully operated, and promised to pay for this expense on his return from Mississippi. Phelan and the defendant bought the materials, paid the bills, and made an unsuccessful attempt to operate the plant. The defendant telegraphed to Brierley in Mississippi to come back to Atlanta, as the defendant had abandoned the enterprise; and in response to the request Brierley returned and attempted to run the plant. This latter transaction happened sometime after the 20th of May. Brierley gave the $200 note for money which the defendant had expended on the ice-plant. The defendant discounted the $200 note at the bank, and when it fell due he paid it. The note was introduced in evidence. At the conclusion of the evidence the court directed a verdict for the plaintiff for the full amount sued for.

The evidence authorized an inference that the plaintiff became the holder of the note in suit after its maturity. It remains, therefore, to see whether the defendant, under the evidence, is, entitled to set off the note given him by Brierley against that in suit. The code declares: "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is

allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung." Civil Code (1910), § 4344. While it is true that the consideration of both notes was used in the construction of an ice-plant, it does not appear from the evidence that both notes were executed under the same contract, so as to make them parts of the same transaction. The note sued on was given in May, for the purpose of raising money to construct the buildings on premises owned by the defendant, to be used for the manufacture of ice. This note was discounted at the Travelers Bank, and Brierley had left the State. Subsequently he came back, and gave a note to the defendant, which he is attempting to set off in this case, ·for the purpose of raising additional money to be employed in the installation of the ice-plant. The last note is dated nearly two months after the first note, and was given to cover an indebtedness arising after the execution of the note sued on. A plea of set-off to a note traded after maturity can not be founded on any mutual demand that the defendant had at the commencement of the suit against the payee, but must be confined to the contract on which the plaintiff sues. *Kinard* v. *Sanford*, 64 *Ga.* 630. The evidence failed to show that both notes grew out of the same transaction, or that the latter note was connected with the debt represented by the note which was in suit. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*