### 14632.   COLE *v.* BANK OF BOWERSVILLE.

1. A note in which it is stipulated that a certain sum will be paid means that this sum will be paid in money, and the maker will not be heard to plead or prove that there was a parol agreement by which the note was to be satisfied with something else than money.

2. When a negotiable paper received under dishonor is sued on by a holder or indorsee, no set-off against the original payee is allowed except such as is in some way connected with the debt sued on or the transaction out of which it sprung.

3. Applying the foregoing principles to the facts of this case, the trial court did not err in directing a verdict for the plaintiff, nor in any prior ruling.

DECIDED DECEMBER 10, 1923.

Complaint; from Hart superior court—Judge W. L. Hodges. April 3, 1923.

*J. H. & Emmett Skelton, George C. Grogan,* for plaintiff in error. *Tutt & Brown, T. S. Mason,* contra.

BELL, J. To a suit upon a negotiable note, brought by the Bank of Bowersville, an indorsee, the defendant maker, F. E. Cole, pleaded, in his answer as amended, that at the time of the execution of the note it was agreed between himself and the payee that it would not be paid in money, but at its maturity would be offset against other and larger notes held by him against the payee. It was further pleaded that such larger notes had not

been paid, that the payee therein was insolvent, and that the plaintiff indorsee had notice of all of these facts when taking the note sued on. At the close of the evidence the court struck the amendment to the answer, ruled out certain evidence introduced by the defendant, and directed a verdict for the plaintiff. The defendant took exceptions pendente lite to the striking of the amendment to his answer, and in the motion for a new trial complained of the other rulings. The motion being overruled, he brought the case here.

1. "A note in which it is stipulated that a certain sum will be paid means that this sum will be paid in money, and neither the maker nor the indorser will be heard to plead or prove that there was a parol agreement by which the note was to be satisfied with something else than money. Civil Code (1910), §§ 4266, 5788; *Stapleton* v. *Monroe*, 111 *Ga.* 848 (36 S. E. 428) ; *Brewer* v. *Grogan*, 116 *Ga.* 60 (42 S. E. 525) ; *American Harrow Co.* v. *Dolvin*, 119 *Ga.* 186; *Berendt* v. *Ripps*, 120 *Ga.* 228 (47 S. E. 595)." *Kerr* v. *Holder*, 13 *Ga. App.* 9 (4).

2. The contemporaneous oral agreement pleaded was inadmissible to vary the written promise to pay in money, and the defendant was relegated to the remedy of set-off, which, if available, was so irrespective of the oral agreement. While this remedy would have been open to him as against the original payee, it could not be employed against the indorsee. When a negotiable paper is sued on by a holder or indorsee, even though received under dishonor, no set-off is allowed as against the original payee, except such as is in some way connected with the debt sued on or the transaction out of which it sprung. Civil Code (1910), § 4344; *Polk* v. *Stewart*, 144 *Ga.* 335 (87 S. E. 21). There was no plea or evidence that the alleged set-off based upon the larger notes was in any way connected with the debt sued on or the transaction out of which it arose, but the contrary affirmatively appeared. The alleged oral agreement did not establish the necessary relation between the two demands, and amounts to no more than a stipulation to offset independently of such relation, besides being prohibited by the parol evidence rule.

3. It follows from the above that the plea as amended did not allege, and the evidence as a whole did not prove, any defense, and therefore that the court did not err in any of its rulings. In

this view it is immaterial whether the indorsee took with notice of the facts, and no decision is necessary as to whether the evidence would have authorized an inference that it did so. This case is unlike that of *Staley* v. *Matheny*, 30 *Ga.* 937, in which, though the plaintiff indorsee took subject to the equities between the original parties, the plea was not based upon any prior or contemporaneous agreement at variance with the writing, but upon a subsequent agreement which, being executed by the defendant maker, amounted to a payment and satisfaction.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*