## FULTON NATIONAL BANK *v.* REDMOND.

1. The bill of exceptions properly raised the question that the evidence objected to was inadmissible on the ground urged at the time, that the damages alleged flowed from a transaction different from that out of which the notes sued upon sprung; and consequently the Court of Appeals erred in not passing upon this assignment of error.

2. "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung."  The only damages sought to be set off by the maker against the note sued on in this case were such as flowed from a contract different from that executed between the payee and the maker of the note, which had no relation to the contract of purchase of the machinery for which the note was given.  Such damages could not be set off against the note in the hands of the plaintiff.

No. 4694.  NOVEMBER 12, 1925.

Certiorari; from Court of Appeals.  *33 · Ga. App. 122.*
*Little, Powell, Smith & Goldstein,* for plaintiff.
*McDaniel & Neely,* for defendant.

HILL, J.  1.  This case was taken to the Court of Appeals by direct bill of exceptions.  The brief of evidence showed that certain evidence was admitted over stated objections, as follows: "The plaintiff in error (plaintiff below) objected to and moved to rule out all of the testimony of Redmond in so far as it affects the bank, on the ground that any of the evidence about Project No. 9, as hereinbefore set out, is not a liquidated claim against Graves or the Graves Machinery Co., and that such items, if true, were not a defense against the notes in the hands of a bona fide purchaser after maturity, the defendant specifying that the evidence which he had reference to was only that which was introduced in support of the defense set out in the second sheet of the answer.  The court stated that he understood the motion to be on the ground

above stated, but he deemed the evidence admissible and refused to rule it out." The above quotation is from the brief of the evidence which is approved by the court "as true and correct and is made a part of the bill of exceptions by this certificate." It was recited in the main body of the bill of exceptions that "plaintiff in error contended at the time, and contends here, that the only items that could be set off against it were matters connected with the transaction for which the notes were given, and as the matters and things set up on page 2, to wit, Project No. 9, were matters arising out of another and different transaction than that covered by the notes which the mortgage was given to secure, the defendant was not entitled to sustain such a set-off against the plaintiff." In dealing with this phase of the case the Court of Appeals said : "In passing upon the question whether the trial judge erred in admitting this evidence, this court can not consider any objection thereto except that stated to the trial court at the time of its admission. It is true that the bill of exceptions recites that 'plaintiff in error contended at the time, and contends here, that the only items that could be set off against it were matters that were connected with the transaction for which the notes were given, and as the matters and things set out on page 2, to wit, Project No. 9, were matters arising out of another and different transaction than that covered by the notes which the mortgage was given to secure, the defendant was not entitled to sustain such a set-off against the plaintiff.' The brief of the evidence, however (which contains the objections made to this evidence and the ruling of the court thereon), clearly shows that the only objection made to the evidence at the time it was offered, and the only objection ruled on by the trial court, was that it disclosed that the claim of the defendant was not a liquidated one, and therefore was no defense against the notes in the hands of a bona fide purchaser after maturity. It is well settled that where a conflict occurs between the recitals in the bill of exceptions and the record, the record controls. It is true that in this case the brief of the evidence is attached as an exhibit to the bill of exceptions, and thus technically a part thereof. However, construing the brief of evidence as a portion of the bill of exceptions, and not as a part of the record, when the bill of exceptions is properly construed as a whole, it still clearly appears that the only objection made to the evidence at the time of its admission, and the only

objection ruled upon, was as above stated. In our opinion the court did not err in admitting the evidence as to Project No. 9, or the other evidence complained of in the bill of exceptions." We are of the opinion that "the record" which is composed of the evidence and which was made a part of the bill of exceptions does not contradict the affirmative statement in the main body of the bill of exceptions, and that the bill of exceptions properly raised the question that the evidence objected to was inadmissible on the ground urged at the time, viz., that the damages alleged flowed from a different transaction from that out of which the notes sued upon sprung, and consequently that the Court of Appeals erred in not passing upon this assignment of error.

2. The Court of Appeals held: "In a suit by the holder of a negotiable paper, received after its maturity, the maker of the paper may set off damages, although unliquidated, for a breach of a contract by the original payee." The above decision of the Court of Appeals was evidently predicated upon the idea that they would not consider the assignment of error made by the plaintiff in error, as set out in the foregoing division of this opinion. Of course, having failed to consider that assignment of error, the conclusion reached by the Court of Appeals was correct; but as we have held in the first division of the opinion that the Court of Appeals should have considered that assignment of error, we reach the conclusion that they erred in holding as they did. The Civil Code (1910), § 4344, provides that "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung." As early as the case of *Tinsley* v. *Bell,* 2 *Ga.* 134, this court held: "The maker of a promissory note, in an action by the indorsee who received it after due, can not set off a demand against the payee, unless such demand is connected with, or grew out of, the original transaction for which the note was given, or attaches to the note itself; he can not set off a demand arising out of collateral matters. . . To authorize a defendant to set off a demand under the 24th section of the judiciary act of 1799, such demand must be against the plaintiff in the action." In *Kinard* v. *Sanford,* 64 *Ga.* 630, it was held: "A plea of set-off should state the defendant's demand as distinctly as though he were the plain-

tiff, and when filed to a suit on a negotiable instrument, not in the hands of the payee, it must appear that the paper was received under dishonor, that the set-off grew out of, or was in some way connected with, the contract sued on, that there was mutuality of obligation between the original parties thereto, and that the defendant is a proper party to assert the claim." In *Polk* v. *Stewart,* 144 *Ga.* 335, it is held: "A plea of set-off to a note traded after maturity can not be founded on any mutual demand that the defendant had at the commencement of the suit against the payee, but must be confined to the contract on which the plaintiff sues."

In this case it appears that in the written contract for the purchase of machinery, for which notes were given, one of the notes was the foundation of the action here, and plaintiff had received it after maturity and under dishonor, and the only damages sought to be set off by the payee against this note were damages flowing from a different contract between the payee and the maker of the note, which had no relation to the contract of purchase of the machinery. That being so, such damages could not be set off against the note in the hands of the plaintiff. It follows that the Court of Appeals erred in holding that the maker of the paper sued on could set off damages against the transferee, for a breach of a contract by the original payee.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*