POWELL *et al. v.* MOBLEY, superintendent of banks, *et al.*

1. A note signed by two or more persons as makers, and containing the words, "I, we, or either of us promise to pay," imports joint and several liability of the makers.
2. One of several makers of a note whose liability thereon may be enforced against him separately may set off a contractual demand that he holds against the payee suing thereon.
3. In a suit by the State superintendent of banks, succeeding to the management and control of a bank upon its insolvency, upon a note payable to that bank, one of the two makers separately liable thereon could set off, in satisfaction of it, a sufficiency of a time certificate of deposit issued by the bank to him when the note was executed, of which he was still the holder.

No. 6189. MARCH 15, 1928.

Interpleader. Before Judge W. E. Thomas. Colquitt superior court. July 22, 1927.

*J. O. Gibson,* for plaintiffs in error.

*Gardner, Gardner & Crow* and *Waldo DeLoache,* contra.

ATKINSON, J. D. H. Powell, desiring to loan money indirectly to his son G. H. Powell, entered into a parol agreement with the Citizens Bank of Moultrie, and, in pursuance thereof, executed with his said son, each signing as principal, a promissory note dated December 31, 1925, for $4757.10, stating that "I, we, or either of us, promise to pay to the order of" the bank the above-stated amount, "with interest from maturity." Contemporaneously with the delivery of the note to the bank D. H. Powell deposited with the bank $15,000, for which the bank issued its time certificate of deposit. The parol agreement contemplated that the money loaned to . G. H. Powell on the note should be from the money

Banks and Banking, 7 C. J. p. 652, n. 80.
Bills and Notes, 8 C. J. p. 67, n. 75.
Recoupment, Set-off and Counterclaim, 34 Cyc. p. 731, n. 48.

placed on time deposit by D. H. Powell; also that the bank should take from G. H. Powell, for the protection of D. H. Powell, a mortgage on certain realty, but that if the debt should not be paid before maturity of the certificate of deposit, the bank should credit the amount thereof on the certificate of deposit. The deposit would not have been made except for the parol agreement, nor would the loan have been made. The note matured and was renewed under a similar agreement, and the renewed note matured and was held by the bank without having charged the amount thereof against the time certificate held by D. H. Powell. While the status was as thus described the bank became insolvent and placed its affairs in the hands of the superintendent of banks. D. H. Powell, holding the certificate of deposit, requested the superintendent of banks to charge the amount of the note against the certificate of deposit, in conformity to the banking act relating to such matters. Certain other stockholders and depositors in the bank made objection to allowance of the request. In a suit instituted by the superintendent of banks against the several parties at interest, the judge, trying the case without a jury upon an agreed statement of facts substantially as indicated above, rendered a judgment denying the claim of D. H. Powell, and he excepted.

1. A promissory note signed by two or more persons as makers, and containing the words, "I, we, or either of us promise to pay," imports joint and several liability of the makers. This comports with the negotiable-instruments law (Ga. L. 1924, pp. 126-130, sec. 17 (7); Park's Supp. 1926, § 4269 (17-7); Michie's Code, § 4294 (17-7).

2. This court has decided that "In an action against the maker and indorser of a promissory note, joined in the same suit, the indorser may set off an individual claim against the plaintiff, growing out of the transaction which gave rise to the execution of the note." *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597). The decision in that case was founded upon the principle that the liabilities of the principal and the indorser were severable, so that there was an individual liability of each which might be enforced against him separately and against which he might set off a contractual demand which he held against the payee of the note. The principle was affirmed

in *Pickett* v. *Andrews,* 135 *Ga.* 299 (69 S. E. 478), in a suit by a payee against the principal and securities on a note. See also 24 R. C. L. 866, § 72; 34 Cyc. 731; Note to *Ruby v.* Baker, 10 A. L. R. 1247-1253 (2), and cit.; Fidelity & Deposit Co. *v.* Duke, 293 Fed. 661 (7-12). Upon reason the same principle will apply as between the payee and several makers of a note where the liability of the makers is severable.

3. In *State* v. *Brobston,* 94 *Ga.* 95 (21 S. E. 146, 47 Am. St. R. 138), it was held: "Where a bank which is a State depository becomes insolvent while indebted to the State, and its effects are in the hands of a receiver, depositors in the bank who are also indebted to it by promissory notes have the right to set off against such notes in the hands of the receiver the amounts justly due them respectively on their deposits." And in *Nix* v. *Ellis,* 118 *Ga.* 345 (4) (45 S. E. 404, 98 Am. St. R. 111), it was held: "A receiver takes choses in action of a bank in the same plight in which they existed at the time of the filing of the equitable proceedings under which he was appointed, and subject to all set-offs which might have been pleaded thereto in a suit by the bank itself." See also *Butler* v. *Mitchell,* 128 *Ga.* 431 (57 S. E. 764). In *Bennett* v. *Green,* 156 *Ga.* 572 (3) (119 S. E. 620), it was held: "When the superintendent of banks takes possession of an insolvent bank and its assets for the purpose of liquidating its affairs, he acts in the capacity of a statutory receiver." See also *Bennett* v. *Wheatley,* 154 *Ga.* 591, 599 (115 S. E. 83); *Fidelity & Deposit Co.* v. *Duke,* supra. Under application of the principles above stated, D. H. Powell, one of the signers of the note involved in this case, was liable to the payee bank separately on the note, and, in a proceeding by the superintendent of banks, succeeding to the management and control of the bank upon its insolvency, against the two makers of the note, could set off in satisfaction of such note a sufficiency of a time certificate of deposit issued by the bank to him at the time the note was executed, of which he was still the holder.

It is further insisted that D. H. Powell had a right by contract to set off a sufficiency of the certificate of deposit to discharge the note. It is unnecessary to decide that question. Owing to the importance of establishing a precedent for guidance of the administrative officers of the State Banking Department, it has been

deemed best to decide the case upon general principles of law as set forth 'in the foregoing division, without reference to special agreements between the parties.

*Judgment reversed. All the Justices concur.*