20069.   ROUNTREE, administrator, *v.* CULPEPPER.

DECIDED DECEMBER 10, 1929.

*Branch & Snow,* for plaintiff in error.

*W. A. May, George R. Lilly,* contra.

BLOODWORTH, J.   From the foregoing statement of facts we find that plaintiff at public outcry purchased the note sued on, as a part of the assets of W. D. Manley, bankrupt, whose estate was being administered in the bankrupt court, the sale being held under an order of the referee in bankruptcy; and that the plaintiff bought the note after it was due, and received it under dishonor.   Counsel for both parties agree that the sole question to be decided is whether the plaintiff, by reason of his purchase of this note and by reason of the provisions of § 4344 of the Civil Code is protected against any defense on the part of William Rountree by way of set-off, except such as is in some way connected with the debt sued on or the transaction out of which it sprung.   Section 4344 of the Civil Code is copied in the headnote to this opinion.   The principle embraced in that section was announced in *Tinsley* v. *Beall,* 2 *Ga.* 134, as follows:

"The maker of a promissory note, in an action by the indorsee who received it after due, can not set off a demand against the payee, unless such demand is connected with, or grew out of the original transaction for which the note was given, or attaches to the note itself; he can not set off a demand arising out of collateral matters." In *Polk* v. *Stewart,* 144 *Ga.* 335, 336 (87 S. E. 21), Presiding Justice Evans said: "The evidence authorized an inference that the plaintiff became the holder of the note in suit after its maturity. It remains, therefore, to see whether the defendant, under the evidence, is entitled to set off the note given him by Brierley against that in suit. The code declares: 'When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung.' Civil Code (1910), § 4344. While it is true that the consideration of both notes was used in the construction of an ice plant, it does not appear from the evidence that both notes were executed under the same contract, so as to make them parts of the same transaction. The note sued on was given in May, for the purpose of raising money to construct the buildings on premises owned by the defendant, to be used for the manufacture of ice. This note was discounted at the Travelers Bank, and Brierley had left the State. Subsequently he came back, and gave a note to the defendant, which he is attempting to set off in this case, for the purpose of raising additional money to be employed in the installation of the ice plant. The last note is dated nearly two months after the first note, and was given to cover an indebtedness arising after the execution of the note sued on. A plea of set-off to a note traded after maturity can not be founded on any mutual demand that the defendant had at the commencement of the suit against the payee, but must be confined to the contract on which the plaintiff sues. *Kinard* v. *Sanford,* 64 *Ga.* 630. *The evidence failed to show that both notes grew out of the same transaction, or that the latter note was connected with the debt represented by the note which was in suit."* (Italics ours.) See *Cole* v. *Bank of Bowersville,* 31 *Ga. App.* 435 (2) (120 S. E. 790) ; *Ellis* v. *Dudley,* 19 *Ga. App.* 566, 571 (91 S. E. 904) ; *Butler* v. *Mitchell,* 128 *Ga.* 431 (57 S. E. 764). The case of *Powell* v. *Mobley,* 166 *Ga.* 163 (142 S. E. 678), cited by counsel for plaintiff in error, because of its facts is easily

differentiated from the instant case. In that case the superintendent of banks, proceeding under the State banking law, brought suit on a note which had never been transferred.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.