### 20502. Cairo Banking Company *v.* Hall.

Stephens, J. 1. A transferee of a negotiable promissory note does not take it subject to any rights or equities between the original parties to the note which arise and come into existence after the transfer. *Georgia State Bank* v. *Harden,* 32 *Ga. App.* 300 (124 S. E. 68) and cases there cited. This is true notwithstanding the consideration of the note may, with the knowledge of the transferee, have been corporate stock to which the maker had subscribed and which was to be issued by a corporation which at the time was being promoted. Ga. L. 1912, pp. 153-4; Michie's Code, § 4294 (196, 197).

2. The holder, as the transferee, of a negotiable promissory note, is presumably a holder in due course. In a suit thereon by him against the maker, where the defendant pleads that the plaintiff is not a holder in due course, the burden is upon the defendant to establish this allegation in the plea. Although the plaintiff, as holder of the note, may, as provided in the act of 1912, supra, because of the nature of the consideration of the note, have acquired it subject to any equities existing between the original parties at the time of the transfer, the burden resting upon the defendant, to show that the plaintiff was not a holder in due course, is not carried by evidence of the nature of the consideration of the note, and that at some time, which is not stated, after the execution of the note, the defendant, by a subsequent contract with the payee, acquired certain rights and equities respecting the defendant's obligation to pay the note.

3. Where a promissory note contains an unconditional promise to pay, an oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto, that the maker would be relieved of any obligation to pay it, on a condition not expressed in the note, is incompetent to change the contract as represented on the face of the note. Civil Code (1910), §§ 4268, 5788; *Cole* v. *Bank of Bowersville,* 31 *Ga. App.* 435 (2) (120 S. E. 790).

4. A note taken in renewal of an existing note is but a contract modifying the terms of the existing note, and creates no new obligation to pay, and the taking of the renewal note does not change the status, as that of a holder in due course, of the transferee of the original note. This is true though the renewal note be taken by the transferee of the original note, and he be made the payee in the renewal note. Therefore any equities respecting the maker's obligation to pay the note, existing between him and the payee of the original note, which were not in existence at the time of the transfer of the original note, notwithstanding the transferee of the original note may have had notice of them at the time of the execution of the renewal note to him as payee thereof, are not equities to which his rights are subject.

5. This being a suit on the renewal note, by the payee against the maker, to which the defendant pleaded an agreement between him and the payee of the original note, giving the defendant the right, on certain conditions, which had been complied with, namely, his dissatisfaction with the trade out of which the original note was given, to cancel the indebtedness represented by that note, that the plaintiff's right to recover is subject to the defendant's equity arising out of the agreement referred to because the consideration of the original note was, with the plaintiff's knowledge at the time of the transfer of the original note, corporate stock to which the defendant had subscribed and which was to be issued by a corporation which at the time of the execution of the note was being promoted, and there being evidence that the contract relied upon by the defendant to establish the defense relied upon was either in parol, made contemporaneously with or prior to the execution of the original note, and was therefore invalid, or was a contract in writing made at some indefinite time after the execution of the original note, the evidence does not demand the inference as a matter of law that at the time of the transfer of the original note to the plaintiff the rights and equities relied upon by the defendant were in existence, and that the plaintiff's rights are subject thereto. The evidence was insufficient to overcome the presumption that the plaintiff, as the transferee of the original note, was a holder in due course, and that the defense relied upon by the defendant was, as a matter of law, established. The court erred in directing a verdict for the defendant. See, in this connection, *Polk* v. *Stewart*, 144 *Ga.* 335 (87 S. E. 21).

6. Under the above rulings, the court erred in admitting in evidence the parol agreements and understandings respecting the defendant's obligation to pay the note which were made contemporaneously with, or prior to, the execution of the note, and also erred in admitting in evidence any notice given by the defendant to the plaintiff at the time of or prior to the execution of the renewal note as to the equities under the alleged contract existing between the defendant and the payee of the original note.    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 19, 1931.

*S. P. Cain,* for plaintiff.
*W. H. Duckworth, Jeff A. Pope,* for defendant.