TUCKER *v.* LEA *et al.*

ATKINSON, Presiding Justice. Under Code § 3-601, no suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party; and if such suits are commenced at different times, the pendency of the former shall be a good defense to the latter. The petition showing that another suit which involved the same subject-matter (Mrs. Tucker's answer in the nature of a cross-petition in *Tucker* v. *American Surety Co. of N. Y.,* ante, 533), was pending at the time the present suit was filed, the court did not err in sustaining a general demurrer and in dismissing the action. See, in this connection, *Bird* v. *Trapnell,* 148 *Ga.* 301 (1) (96 S. E. 417); *Cook* v. *State Highway Board,* 162 *Ga.* 84 (3) (132 S. E. 902); *Hines* v. *Moore,* 168 *Ga.* 451 (8) (148 S. E. 162).

539

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents. Head, J., concurs specially.*

No. 16939. FEBRUARY 16, 1950.

*Randall Evans Jr.*, for plaintiff.

*B. Lamar Tillman*, for defendants.

HEAD, Justice concurring specially. I concur in the judgment for the reason that in my opinion the jurisdiction of the action in so far as it relates to any acts or purported acts of the guardian is confined to thè courts of the guardian's residence, in this case Ware County.