20108. DOWLING *v.* POUND *et al.*

Submitted June 10, 1958—Decided July 11, 1958.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* for plaintiff in error.

*Arnold & Harris, Ross Arnold, Robert B. Harris, Ben T. Beasley, Jr., Nancy Pat Phillips,* contra.

Almand, Justice. The judgments under review are an order overruling the demurrers of the defendant Dowling to the petition of Pound; an order dismissing Dowling's plea in abatement; the direction of a verdict in favor of Pound against Dowling; and an order granting a permanent injunction.

Ira C. Pound, by his petition against Juliet Dowling and E. M. Morris, sought to recover $300 and expenses of litigation from Dowling, asserting that this sum of money was deposited by him with Dowling, doing business as Dowling Realty Company, agent, as earnest money on an offer to purchase certain described real estate, the property of the defendant Morris; and that Morris declined the offer, and Dowling had refused and failed to return this sum.

He alleged that Dowling had instituted a suit in the Civil Court of DeKalb County against him and Morris. A copy of the petition in the Civil Court of DeKalb County, wherein Dowling prayed for a money judgment against Pound and Morris for $200, shows that it is based on the same real-estate transaction as is set out in Pound's suit against Dowling. He alleged that the Civil Court of DeKalb County is a court of law, and he was unable to assert and have adjudicated the issues of his claims against the defendant Dowling; and in order to avoid a multiplicity of suits, the superior court should take jurisdiction and determine in one action all the issues between the parties. No affirmative legal relief was prayed against Morris. On this

petition a temporary injunction was granted, restraining further proceeding of the case in the civil court. Dowling in her plea in abatement set out a copy of the plea and answer of Pound to the Dowling suit in the Civil Court of DeKalb County, wherein Pound by cross-action sought to recover $300 from Dowling, being the same earnest money that Pound sought to recover in the suit in the superior court. On motion of Pound, the court dismissed Dowling's plea in abatement, and error is assigned on this order.

On the trial of the case, the court directed a verdict in favor of Pound and against Dowling for $300, and in favor of Dowling against Morris for $500, and permanently enjoined further proceedings in the civil-court action.

■ Defendant in error Pound moves to dismiss Dowling's writ of error on the ground that she, having recovered the full amount sued for against Morris, has not been injured or aggrieved by the court's directing a verdict in favor of Pound against her. The motion is without merit for the reason that error is assigned on the orders dismissing Dowling's plea in abatement and overruling her demurrers. These pleadings attacked the jurisdiction of the court to entertain the suit and, if either of these orders was erroneously entered, the subsequent proceedings were nugatory. The motion to dismiss is denied.

■ The pendency of a former suit for the same cause of action between the same parties in the same or any other court that has jurisdiction is a good cause of abatement. Code § 3-607. Equity will not enjoin the proceedings of a court of law unless there be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law. Code § 55-103. Equity will not enjoin the prosecution of an action at law because of certain matters which, if defensive to the right asserted in the action at law, are as much available as a defense in that action as in the equitable action. *Reynolds Banking Co. v. Southern Pacific Guano Co.*, 140 *Ga.* 498 (2) (79 S. E. 132). While a plaintiff cannot by bringing a suit force the defendant to litigate any claim which the defendant may have against the plaintiff by way of setoff and which is not a matter purely defensive to the suit filed by the plaintiff, yet where such defendant seeks by way of setoff to recover against

300

the plaintiff upon an alleged contract, such litigation will adjudicate all the rights of the parties which at the time had accrued under the contract. *Jones* v. *Schacter,* 29 *Ga. App.* 132 (3) (114 S. E. 59).

The record discloses that Pound sought to litigate the same alleged cause of action he set out in his cross-action in the suit of Dowling in the civil court. The respective claims of the parties grow out of the same contract, and the parties in both cases are the same. The Civil Court of DeKalb County has jurisdiction to entertain Pound's cross-action. Ga. L. 1951, p. 2401, sec. 5 (Code § 24-1201). See *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (1) (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597); *Powell* v. *Mobley,* 166 *Ga.* 163 (142 S. E. 678). The allegations in the petition that Pound did not have an adequate remedy at law, and equity should take jurisdiction, are mere conclusions of the pleader unsupported by any allegations of facts. It clearly appears that the trial of the pending suit of Dowling against Pound and Morris and the counterclaim of Pound against Dowling will adjudicate all the claims the parties have one against the other growing out of the real-estate contract. The plea in abatement should have been sustained. See *Tucker* v. *Lea,* 206 *Ga.* 538 (58 S. E. 2d 434); *Vaughan* v. *Vaughan,* 209 *Ga.* 730 (75 S. E. 2d 545); *Hood* v. *Cooledge,* 39 *Ga. App.* 476 (147 S. E. 426); *Jones* v. *Rich's, Inc.,* 81 *Ga. App.* 841 (60 S. E. 2d 402).

The subsequent direction of a verdict in favor of the plaintiff and the grant of a permanent injunction were nugatory.

*Judgment reversed. All the Justices concur.*