## 43466. SROCHI et al. v. KAMENSKY.

WHITMAN, Judge. Plaintiffs, Allan Srochi and Sanford Orkin, sued defendant, Harry Kamensky, on a promissory note. The note was dated January 25, 1965, and was payable by Harry to his brother Sidney Kamensky. The principal sum of the note was $19,000 and was "payable $1,000 on the 15th day of February, 1965, and a like amount on the 15th day of each month thereafter for nineteen (19) months."

The appeal is from an order of the trial court granting defendant's motion for summary judgment and denying a like motion by plaintiffs. The same is enumerated as error.

From the evidence presented at the hearing on the motions for summary judgment, it appears that Sidney, on the next day after the above note was made, borrowed $19,000 from Merchants Mutual Credit and gave *his own* promissory note therefor. However, along with his own note, Sidney endorsed Harry's note to Merchants Mutual as collateral security for his obligation. The latter action was neither required nor requested by Merchants Mutual but was retained by Merchants Mutual at Sidney's request.

Sidney's note to Merchants Mutual was marked paid on November 11, 1965, and was returned to him along with the note of Harry. On January 17, 1967, after it was past due, Sidney endorsed Harry's note over to plaintiffs for credit on an indebtedness owed them by Sidney. Plaintiffs knew the note was past due.

Harry raised the following defenses to the plaintiffs' action: (1) There was no consideration from Sidney for the note; (2) he had given the note to Sidney for a "special purpose" only, i.e., as an "accommodation note" for the purpose of providing security for Sidney so that Sidney could secure a loan from Merchants Mutual; and (3) he had, before the transfer to plaintiffs, paid Sidney or others for Sidney's

benefit more than the amount of the note making the note paid in full and which payments defendant is entitled to set off. *Held:*

1. The motion to dismiss the appeal is without merit.

2. "Unless he has the rights of a holder in due course any person takes the instrument subject to . . . (b) all defenses of any party which would be available in an action on a simple contract; and (c) the defenses of want or failure of consideration, . . . or delivery for a special purpose (109A-3—408)." *Code Ann.* § 109A-3—306 (Ga. L. 1962, pp. 156, 255).

"(1) A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; and (c) *without notice that it is overdue.*" *Code Ann.* § 109A-3—302 (Ga. L. 1962, pp. 156, 252).

"(3) The purchaser has notice that an instrument is overdue if he has reason to know (a) that any part of the principal amount is overdue." *Code Ann.* § 109A-3—304 (Ga. L. 1962, pp. 156, 253).

By the terms of the note the plaintiffs had reason to know that the note was overdue. Furthermore, plaintiffs admitted in answer to defendant's interrogatories which were presented at the hearing that they knew at the time they took the note that it was past due. Therefore, plaintiffs were not holders in due course and were subject to the various defenses allowed by the Code in such circumstances.

3. To sustain the defense of no consideration Harry must show that he received nothing in return for the note he has promised to pay. There may be circumstances in which consideration is not required to support a note, e.g., a note given in payment of or as security for some antecedent obligation, but no such situation has been urged here. See *Code Ann.* § 109A-3—408 (Ga. L. 1962, pp. 156, 260).

The burden of proof with regard to the defense of no consideration, as with the other defenses he has raised, is of course upon Harry. The evidence shows that upon obtaining the $19,000 loan from Merchants Mutual, Sidney sent Harry a cashier's check for $19,000 payable to the Hickam Company, a company of which Harry was the president, a director and a stockholder. Harry endorsed the check and deposited it to the Hickam Company's account. On the same day Harry drew a check payable to himself against the Hickam account

in the amount of $11,800 and deposited it to his personal account. There was insufficient balance in the Hickam account to support the check to Harry prior to the deposit. Sidney's transactions with the Hickam Company may have been independent of and unrelated to any transaction with Harry, e.g., the $19,000 may have been a payment to be credited on the Hickam Company books against some indebtedness of Sidney. Likewise the check drawn by Harry on the Hickam account payable to himself may have been in payment of a debt owed him by the Hickam Company and completely independent of any transaction between Sidney and the Hickam Company. It was within Harry's ability to present the nature of the transaction. But the evidence as it stands is inconclusive and conflicting on the question of lack of consideration and a question of fact remains which only a jury can determine. A summary judgment for defendant on this defense was not authorized.

4. The second defense of Harry is that he made the note to Sidney for a special purpose, to wit, as an "accommodation note" to be used as security or collateral for Sidney's own note to Merchants Mutual.

The evidence shows that the note was in fact *used* for that purpose even though Merchants Mutual did not require it or ask for it. Merchants Mutual accepted the note at Sidney's insistence and returned it to Sidney when Sidney's note had been satisfied. The crucial question is not how the note was in fact used but the *purpose* for which it was given. The use is, of course, some evidence of the purpose. On the other hand, as discussed in Division 1, there is evidence that a $19,000 cashier's check was simultaneously forwarded to Harry payable to the Hickam Company's account, which was so deposited, and that Harry simultaneously paid sums to himself from such account. This evidence could be viewed by a jury as either consistent or inconsistent with Harry's statement that the note was given only as an accommodation note to help Sidney and not for obtaining money from Sidney.

Again this evidence is conflicting and the true purpose for which the note was given should be determined by a jury. A summary judgment for defendant on this defense was not authorized.

5. As another defense, Harry sets forth that he has made advances in excess of $19,000 to Sidney or to others for Sidney's

benefit, and has therefore been discharged or is entitled to set off these amounts.

"Where the holder of a promissory note, other than the payee therein named, who has received the same in dishonor, institutes suit thereon against the maker, the latter may set off, to the extent of the amount due on the note, any sum which may be due from the payee to the maker which is any way connected with the debt sued on or the transaction out of which it sprang." *Butler v. Mitchell,* 128 Ga. 431 (1) (57 SE 764). Therefore, setoff is a defense, but as indicated in the *Butler* case and as stated in *Tinsley v. Beall,* 2 Ga. 134, 136: "To authorize the setoff . . . on the ground that the plaintiff took the note after due, and therefore took it subject to all the equities which existed between the original parties, such equities only are to be understood as *grow out of the transaction* or *contract* for which the note was given, or attach to the note itself, and not to claims arising out of collateral matters having no connection with the note sued on." See also *Wilkinson v. Jeffers,* 30 Ga. 153; *Polk v. Stewart,* 144 Ga. 335 (87 SE 21) ; *Cole v. Bank of Bowersville,* 31 Ga. App. 435 (120 SE 790) ; *Rountree v. Culpepper,* 40 Ga. App. 629 (150 SE 859).

The defendant contends that *Code Ann.* § 109A-3—306 (b) providing that one not a holder in due course takes the instrument subject to "all defenses of any party which would be available in an action on a simple contract" repeals the restrictive character of setoff. *Code* § 20-1305, which states the setoff rule under discussion, was not repealed when the Uniform Commercial Code was enacted, although many statutes were specifically repealed. See *Code Ann.* § 109A-10—103 (Ga. L. 1962, pp. 156, 427, as amended). The two Code sections are not so inconsistent as to require a finding that the Commercial Code repealed § 20-1305 by implication. Setoff is an available defense, but by leaving § 20-1305 in effect it was apparently the intention of the legislature to limit the defense to demand, as the statute states, "in some way connected with the debt sued on, or the transaction out of which it sprung."

We now turn to the evidence. The evidence presented by defendant consists of various canceled checks. Some are checks drawn by Harry Kamensky on his own personal account payable to Merchants Mutual. Some are checks

payable to Sidney Kamensky drawn against the account of "E. Cohn Company," signed by Harry Kamensky. Some are checks to Merchants Mutual drawn against the account of "Valley Fabrics, Inc." signed by Frances Kamensky. Some are checks to Sidney Kamensky by Harry Kamensky from his personal account. Also presented is a promissory note made by Sidney Kamensky payable to one Stanley Hirsch and marked "paid by Harry Kamensky." There is also a promissory note made by "Hickam Company by Sidney Kamensky," payable to the First National Bank of Columbus, Ga., marked "paid" for which some credit is sought.

Harry testified that the checks to Merchants Mutual were meant to be applied as credit against Sidney's note to Merchants Mutual and not against his own note to Sidney. This is inconsistent with the defense of payment and discharge of his own note, but could be viewed as consistent with the defense previously discussed relating to accommodation. But a jury may or may not find that some of these checks represent obligations of Sidney to Harry "in some way connected with the debt sued on, or the transaction out of which it sprung" so as to entitle him to setoff.

A summary judgment on the defenses of discharge and setoff was not authorized.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MARCH 4, 1968—DECIDED JULY 8, 1968—
REHEARING DENIED JULY 23, 1968—

*Arnall, Golden & Gregory, Elliott H. Levitas, Grogan & Jones, Milton Jones,* for appellants.

*Ray, Owens, Keil & Hirsch, Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellee.