BOIT & McKENZIE, plaintiffs in error, *vs.* Z. T. WHITEHEAD *et al.* defendants in error.

The plaintiffs were the agents of a manufacturer of guano, and as such, by their local agent, sold to the defendant a lot of guano, and warranted the same to be a good fertilizer, taking a note for the price, payable to themselves. Afterwards, before the note became due, they became the real owners of the note, by arrangement between themselves and the manufacturers :

*Held*, That the plaintiffs were not such *bona fide* purchasers without notice, of defendant's note, as that defendant could not set up as a plea that the guano was of no value, even though it be not proven that plaintiffs knew it to be of no value at the time they became the real owners of the note.

Promissory notes. Principal and agent. Before Judge HILL. Houston Superior Court. May Term, 1873.

Boit & McKenzie brought complaint against Z. T. Whitehead, as principal, and S. W. J. Harris, as security, for $360 20, and $36 02, counsel fees, besides interest on the following instrument:

"$260 20.                    "FORT VALLEY, May 3d, 1871.

"For value received, we promise to pay, on or before the 10th of November, 1871, to the order of Boit & McKenzie, at their office in Savannah, Georgia, the sum of $360 20, for six tons of sea-fowl guano, furnished to enable us to carry on our business of planting in Houston county, Georgia.

*        *        *        *        *        *

"Z. T. WHITEHEAD,
"S. W. J. HARRIS, security."

The defendants pleaded failure of consideration, and asked judgment in their favor for $62 40, expended by the defendant, Whitehead, in freight, drayage, and in applying said guano to his land.

The plaintiffs introduced the note sued on, with their indorsement thereon.

Boit & McKenzie *vs.* Whitehead *et al.*

They testified that they acted in the sale of said fertilizer as the general agents of W. S. Bradley, manufacturer, and, as such, sold the guano to the defendants. That in August, 1871, they bought the note from W. S. Bradley. That at the time of the making of the note, and at the time of their purchase of the same, they knew of no defect, latent or otherwise, in the guano.

The plaintiffs then moved to strike the pleas of the defendants, as they failed to show that they were not *bona fide* purchasers without notice of said note. The motion was overruled, and plaintiffs excepted.

Much testimony was introduced by the defendants as to the worthlessness of the guano, the seasons, etc., unnecessary to be here set forth.

The jury returned a verdict for the defendants. The plaintiffs made a motion for a new trial because of error in the aforesaid refusal to strike the pleas of the defendant, and because of the refusal of the Court to charge the jury as follows:

"That if the note sued on had been transferred by indorsement, before due, and plaintiffs had bought the same in good faith and for a valuable consideration, without any notice of any defect, latent or otherwise, in the guano, or of any defense of defendants to said note, then, under the pleadings, the failure of the consideration could not be set up."

The motion was overruled, and plaintiffs accepted.

DUNCAN & MILLER, by brief, for plaintiffs in error.

WARREN & GRICE, by brief, for defendants.

McCAY, Judge.

The plaintiffs were the original payees of the note. True, as it seems, they were not, in fact, the owners, and yet it was with them, in their own name, that the defendant contracted. We think it very far-fetched to set up that they are innocent purchasers. They bought with their eyes open; they knew what the note was given for; they knew there was an express

warranty; they were the agents, according to their own show-ing, in the whole matter, and in taking the note they con-tracted in their own name. They must take the fate of their principal. We can hardly see, even if the note was not payable to the plaintiffs, they could be innocent purchasers, since the defendant has nothing to do with the manufacturer, except through them. They were the means by which the defendants were imposed on, if they were imposed on. We think the plaintiffs too clearly mixed up with the sale and warranty, and with the note itself, to become innocent holders of the note. They are charged with the duty to see to it that the warranty made by themselves has not failed.

We see no error in the charge or verdict. True, it is not conclusive of a bad article that it did no good in a particular case, nor is it conclusive of a good article that another lot of the same brand is good. It is, in each case, a question of fact, to be determined by the jury, as other facts, from the proof. The evidence in this case seems very strong that this was a bad article. Even the agent could see no difference. If the guano is properly used, and the season is not such as to de-stroy the effect, it would seem that if there is a failure to get any benefit, there is pretty strong proof of a bad article.

Whilst we have no sympathy with a defendant who sets up his own mismanagement or the influence of the season against the payment of a just debt for manure, we have as little for those who impose their worthless dirt upon the honest farmer, who, if the article be bad, not only fails to get benefit, but loses his pains and labor of hauling and distributing an inert substance.

Judgment affirmed.