## PHILLIPS *v.* LOYD.

1. According to the code, §2790, the purchaser of negotiable paper before due is affected with notice by any circumstances which would place a prudent man upon his guard in making the pur_chase.

2. That the purchaser was agent of the payee in superintending the preparation of materials for, or in laying down the pavement which constituted the consideration of the note in suit, would not, as matter of law, be notice or the equivalent of notice to such purchaser of defects in the pavement rendering it of no value, or of less value than the contract price.   Such agency would only be a circumstance for consideration by the jury.

October 28, 1889.

Negotiable instruments.   Promissory notes.   Notice *Bona fides.*   Vendor and purchaser.   Principal and agent.   Before Judge VAN EPPS.   City court of Atlanta.   December term, 1888.

W. R. Phillips sued Mrs. Loyd as maker, and H. D. Phillips as endorser, on a promissory note payable to the order of the latter.   The maker pleaded that the note was given for work and material in constructing around her property a sidewalk to be durable, etc.   As soon as the walk was put down, she signed the note for part payment, not knowing that the work was not properly done, but this soon became apparent, and the sidewalk was worthless and totally unsuited for the use intended.   Plaintiff had some connection with H. D. Phillips in the work, and if not a partner, he holds the note with full knowledge of the facts whereby the con-

sideration thereof has failed, and is therefore not a *bona fide* purchaser without notice.

There was testimony in support of the plea, and tending to show that while the pavement was being laid the plaintiff was several times present apparently superintending the job, and twice did some work on it; and that he was seen at H. D. Phillips' factory overlooking work there, and at times when the hands were out of cement plaintiff furnished it to them, and once paid them off. The plaintiff's testimony was, that once he intended to take an interest in the factory, and to become acquainted with the details, visited there and watched the hands work, and also frequently went to see them put down the walk in question, although he had no business connection with it. It was at the request of H. D. Phillips and with his money that plaintiff paid off the hands, when H. D. could not be present. As to the quality, etc., of the sidewalk, the testimony was conflicting. The plaintiff testified that he heard of no complaint of the walk (though he lived just across the street) until he tried to collect the note.

The verdict was against the endorser and in favor of the maker. The plaintiff moved for a new trial on the general grounds; also because of error in admitting testimony to show failure of consideration, over objection that plaintiff was a holder for value without notice; and because of errors in the charge, as to which see the opinion. The motion was overruled, and exception was taken.

Broyles & Broyles, for plaintiff.

Hulsey & Bateman, for defendant.

Bleckley, Chief Justice.

1. The note sued on being negotiable and the plaintiff having acquired it from the payee, for value, before maturity, he is entitled to protection against failure of

consideration, provided he is not affected with notice thereof.

The charge of the court that if the circumstances were such as to put a prudent man on inquiry, the plaintiff would be chargeable with notice of all that the pursuit of such inquiry would disclose, is in substantial accordance with the code, §2790; which declares that "Any circumstances which would place a prudent man upon his guard in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due." Whether this provision of the code is in conformity with the general commercial law on the subject it is needless to inquire; for the law merchant is subject to local modification by statute. The rule of the code as to notice is the rule applicable to transactions in Georgia, whatever may be the law prevailing elsewhere.

2. The court erred in charging the jury that if the plaintiff was the agent of the payee, either to superintend the preparation of the material in the shop which was laid down in defendant's pavement, or in the superintendence or direction of the hands in laying it, he would not be a *bona fide* purchaser of the note without notice, so as to prevent defects in the pavement from being available to the defendant in this action. Such was the substance of this part of the charge. It undertook to instruct the jury as matter of law that the agency of the plaintiff would be notice or the equivalent of notice. We think it was a question for the jury, how far the services of the plaintiff as agent for the payee of the note would or ought to charge him with notice of defects in the pavement. If these defects resulted from bad materials or bad work, the plaintiff might not have known that either was bad, and the nature of his agency might not have required him to know whether a good pavement would be the result

or not.   One who superintends the execution of a formula for the preparation and use of materials may have no reason to suspect that the formula itself is faulty. The agent of an architect to superintend the erection of a building might be wholly ignorant of any flaw in the plan, or any defect in the materials.   *Boit* v. *Whitehead*, 50 *Ga.* 76, is no authority for the charge given in the present case, nor is there is any authority known to us which would justify it.          *Judgment reversed.*