### 5158.  ROGERS *v.* PATTERSON.

Whether the obligation assumed by the plaintiff in error in signing the note sued on was an original undertaking or one of suretyship, and whether the conduct of the payee in resuming possession of the mule for which the note had been given and in selling the mule after he had taken it back was a rescission of the contract, were questions of fact for the jury; and their verdict was authorized by evidence.

DECIDED JANUARY 27, 1914.

Complaint; from city court of Nashville—Judge Christian.  July 14, 1913.

*W. G. Harrison,* for plaintiff in error.

*Alexander & Gary,* contra.

ROAN, J.  This was a suit by J. H. Patterson against Mrs. Effie Rogers and George Woods, her tenant, on a note for the purchase-price of a mule, signed first by Effie Rogers and then by George Woods, in which title to the mule was retained in the vendor, Patterson, until payment of all the purchase-money.  Mrs. Rogers filed a plea that at the time the note was given she was a married woman, and that this fact was known to the plaintiff; that it was not her contract; that she did not purchase the mule, but it was purchased by her tenant, George Woods, and she signed the note as surety, and, being a married woman, she could not, under the law, be bound as surety for the debt of any one.  The trial proceeded on the issue thus formed, and the jury rendered a verdict against Mrs. Rogers for the balance unpaid on the note.

She filed a motion for a new trial, alleging that the verdict was contrary to law and to the evidence, and, by amendment to the motion, contended that the verdict was contrary to law and evidence because the testimony showed that after the note became due, the plaintiff took the mule back into his possession, and sold it without legal authority, and that this action on his part was a rescission of the original contract of sale, and relieved her from any obligation under the contract.  The plaintiff contended that this

sale of the mule by him was made by her consent and procurement and for her protection; that it was sold as her property, and she bid it in for $175, and received credit for that sum, less the cost of bringing about the sale; that she stood by while the sale was taking place, made no objection, and acquiesced in it, and is now estopped from making the point that the sale was illegal and void.

The record discloses that the question whether the obligation assumed by Mrs. Rogers in signing this note was an original undertaking or one of suretyship, and the question whether the conduct of the plaintiff in resuming possession and selling the mule, was or was not a rescission of the contract entered into by her, were questions of fact; and the jury by their verdict having settled this controversy in favor of the plaintiff, and there being sufficient evidence to authorize this finding, and the verdict being approved by the court, we are not prepared to hold that it was error.

*Judgment affirmed.*