### 16959. PULLEN v. POWELL.

JENKINS, P. J. 1. "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung." Civil Code (1910), § 4344; *Polk* v. *Stewart*, 144 *Ga.* 337 (87 S. E. 21); *Kinard* v. *Sanford*, 64 *Ga.* 630. Accordingly, where the testimony for the defendant showed that the claim which he sought to set off against the transferee's action upon a note given to the original payee for borrowed money consisted of a demand against the original payee for services subsequently rendered under an independent contract, in no way connected with the transaction in which the note was given, the court erred in directing a verdict for the defendant.

2. While it is true that "if the plaintiff sues for the benefit of another person, a set-off against the beneficiary shall be allowed," a verdict for the defendant in the instant case could not be directed on this principle of law, since the evidence for the defendant, when taken by itself, did not conclusively show that the plaintiff was not the owner of the note assigned to him, and the plaintiff on his part testified that he in fact became by purchase the holder and owner of the note sued on.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1926.

Petition to foreclose mortgage; from Calhoun superior court— Judge Custer. October 24, 1925.

J. H. Pullen, as transferee, brought suit on a note signed by R. R. Powell. The defendant filed an answer alleging that the note was originally payable to J. K. Pullen, the father of the plaintiff; that it was given for borrowed money; that it was transferred and assigned to the plaintiff on February 4, 1924, after maturity, the note having become due November 19, 1922; that from August 1, 1922, until the filing of the suit the original payee of the note owed him a board bill for the former's wife of $25 per month, and about $100 board for himself; which amounts the defendant prayed to set off against the plaintiff's demand. The defendant testified that the note was given for borrowed money, and that the "contract in which this note was made was altogether a different contract from the one that I had with him about boarding his wife; it was made previous, at a different time and on a different subject-matter." At the conclusion of the evidence the court

---

Recoupment, Set-Off, and Counterclaim, 34 Cyc. p. 718, n. 42; p. 749, n. 98.

Trial, 38 Cyc. p. 1567, n. 97.

directed a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and he excepted.

*A. L. Miller,* for plaintiff. *E. L. Smith,* for defendant.