### 18337.   PULLEN *v.* POWELL.

The evidence in this case supports the verdict. The special grounds of the motion for a new trial disclose no reversible error; and the court did not err in refusing to grant a new trial.

DECIDED NOVEMBER 15, 1927.

Mortgage foreclosure; from Calhoun superior court—Judge McLaughlin presiding. April 2, 1927.

Appeal and Error, 4 C. J. p. 864, n. 34.
Bills and Notes, 8 C. J. p. 1072, n. 85.
New Trial, 29 Cyc. p. 832, n. 60.

*A. L. Miller,* for plaintiff. *E. L. Smith,* for defendant.

Luke, J.   J. H. Pullen, as transferee of his father, J. K. Pullen, the original payee, sued R. R. Powell on a promissory note dated May 19, 1922, due November 19, 1922, and transferred February 4, 1924.   The note was originally for $833.51, but prior to the transfer a credit of $433.51 was entered thereon; and the plaintiff sought to recover the balance due, $400, with interest and attorney's fees.

The defendant pleaded that the note was transferred after maturity; that the plaintiff was not an innocent purchaser for value; that J. K. Pullen owed the defendant $550 for board for his wife from August 1, 1922, to "the present time," and for board for himself at $1 per day for blank days; that the plaintiff was not the owner of the note, had no financial interest therein, and was only seeking to collect it for the use of his father, the true owner; that J. K. Pullen, knowing of his said indebtedness to the defendant, was using his son's name in an effort to defeat the defendant's said set-off; that the plaintiff likewise knew this, and was co-operating with his father for such purpose; that after the said board bills became due, J. K. Pullen, who was then the owner of the note, abandoned his wife, conveyed all his property to others, and left the State of Georgia for the purpose of evading his wife's alimony and the said set-off; and that the plaintiff was well aware of all these facts.

There was no demurrer to the answer, the case went to trial, the jury rendered a verdict against defendant for $104, with interest and attorney's fee, and the plaintiff excepted.

When this case was here before (see *Pullen* v. *Powell, 35 Ga. App.* 333, 132 S. E. 922), this court, after stating that "when a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung," and holding that the court erred in directing a verdict for Powell, further held that "while it is true that 'if the plaintiff sues for the benefit of another person, a set-off against the beneficiary shall be allowed,' a verdict for the defendant in the instant case could not be directed on this principle of law, since the evidence for the defendant, when taken by itself, did not conclusively show that the plaintiff

was not the owner of the note assigned to him, and the plaintiff on his part testified that he in fact became by purchase the holder and owner of the note sued on." We therefore take it that the controlling question here is whether or not there was any evidence to sustain the verdict based on defendant's plea.

The following appears from the evidence: On January 19, 1925, J. H. Pullen wrote the defendant a letter wherein he called attention to "your note . . in favor of my father, J. K. Pullen," stated that $435.87 was due thereon, and further wrote, "I will thank you to make prompt settlement of above amount at an early date, as my father has some obligations for which these funds are very much needed." In reply to this letter the defendant wrote J. H. Pullen that he had an adjustment to make with J. K. Pullen, and requested the latter's address in order that the defendant could take the matter up with him and adjust it. The defendant received no reply to this letter, but on February 20, 1924, about a month later, J. H. Pullen wrote the defendant from Bainbridge, Ga., stating that he was the owner of the note, and demanding payment thereof. The note was transferred by J. K. Pullen to J. H. Pullen on February 4, 1924, in California. The defendant testified, that in August, 1922, J. K. Pullen and his wife came to board with him; that on November 5, 1922, prior to the maturity of the note, he and J. K. Pullen entered into a verbal agreement that the defendant should make the payment credited on the note, and that the note should be extended twelve months; that it was agreed at the same time that the matter of board should be adjusted, and that if the board amounted to more than the balance due on the note, J. K. Pullen was to pay the defendant the difference; that while no price was then fixed for the board, it was understood that a reasonable amount was to be paid; that in August, 1923, the board for the wife was fixed at $25 per month, and J. K. Pullen, being with defendant irregularly, was to pay $1 a day for the time he was actually present; that J. K. Pullen owed board for at least one hundred days; that at the time the note became due under the said verbal extension agreement the defendant wanted to adjust it, but was unable to locate J. K. Pullen. J. H. Pullen testified, that he bought the note sued on from J. K. Pullen; that he assumed a note due the Bank of Meigs, signed "J. H. Pullen, C. T. Pullen,

P. W. Curles," given in settlement of a note due the bank by J. K. Pullen; that on January 23, 1925, he gave his check for $438.99 to pay off the last-mentioned note, and that this payment was part of the consideration for the note sued on; that on June 23, 1925, the plaintiff gave his check for $406.95 in payment of a note given by him and his brother to take up a note on which J. K. Pullen had become liable as security, and that this was a part of the consideration for the note sued on; that when the note sued on was transferred to him he agreed to take care of the obligations stated above; that while the total of the two checks greatly exceeded the balance due on the note sued on, there were other transactions between him and his father; that before J. K. Pullen left Georgia for California he deeded to the plaintiff, for a consideration of only $1 and love and affection, 250 acres of land in Mitchell county worth from $20 to $25 per acre, and deeded to the plaintiff and another son two lots in Cotton, Ga., worth $350; that said two transactions last mentioned had nothing to do with his purchase of the note sued on; that at the time this suit was brought the plaintiff had not paid a dime on his father's obligations to the banks; that he could not say that J. K. Pullen had deeded away all of his property before leaving Georgia, but thought the latter had left some property in Cotton, Ga.; that he did not help his father leave Georgia to defeat payment of alimony, and that the question was not discussed at the time J. K. Pullen deeded said land to him without other consideration than love and affection; that when the deed was made he did not know of any set-off against the note sued on, unless the defendant's letter to him imparted such information, and that his recollection was that it did not.

We can not say, from the record presented to us, that the verdict was without evidence to sustain it. There appears to be no point to the fourth ground of the motion for a new trial, complaining that attorney's fees were proved and not allowed, since it appears from both the copy of the verdict and the copy of the judgment in the record that such fees were awarded the plaintiff.

In the fifth ground of the motion it is contended that since the plaintiff was an innocent transferee of the note sued on, and since the board bills were no part of the consideration of the note, the defendant could not set them off against the note. Under the

pleading and the evidence, we see nothing in this ground.   See
*Powell* v. *Pullen,* supra, paragraph 2.

The next and last ground of the motion complains that the
court, in charging the jury, erred in saying, "If the plaintiff is
not the owner, holder, and transferee of the note in fact, but is
suing for the benefit of J. K. Pullen," etc.   The alleged error is
that there was no evidence disputing that of J. H. Pullen that
he paid for the note, and that the defendant's plea was not sup-
ported by the evidence.   It appears, from what has already been
said, that, in our opinion, this charge of the court was applicable
to a very important issue in the case.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*