19046. MOBLEY, superintendent of banks, *v.* BROWN.

BROYLES, C. J. 1. The court did not err in allowing the amendment to the defendant's original plea, nor in refusing to strike certain portions of paragraph five, and all of paragraph six, of the original·plea. "A married woman can not make any contract of guaranty or suretyship, or make a valid promise to pay her husband's debt. The form in which it is attempted to make her liable for the debt is immaterial." *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (71 S. E. 678). Furthermore, whether the obligation assumed by a married woman in signing a promissory note was an original undertaking or one of suretyship is a question of fact for the jury. *Rogers* v. *Patterson,* 14 *Ga. App.* 292 (80 S. E. 701).

2. Where suit is brought on a promissory note, and the defendant in his plea admits the execution of the note and the ownership of it by the plaintiff, a prima facie case for the latter is made out, and the defendant is entitled to open and conclude the argument. *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59). In the instant case the court did not err in allowing the defendant to have the opening and conclusion of the argument.

3. The verdict was authorized by the evidence, and none of the special grounds of the motion for a new trial show cause for a reversal of the judgment. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 31, 1928.

*Clarence E. Adams,* for plaintiff.
*R. Howard Gordon,* for defendant.