### 27300. SILVER *v.* SELLERS *et al.*

Decided March 17, 1939.

*Burress & Dillard,* for plaintiff.
*Hendrix & Buchanan,* for defendants.

MacIntyre, J.  Jessie A. Silver, as alleged transferee of Knightstown Body Company, brought suit against J. H. Sellers and Sam G. Sellers, trading as Sellers Brothers, on a note for $365 plus interest 'and attorney's fees. Verdict and judgment were in favor of the defendants. The plaintiff's motion for new trial as amended was overruled and she excepted.

The plaintiff alleged in her petition that the defendants are indebted to her in the amount of $365, besides interest and 15% as attorney's fees, upon a series of 12 promissory notes, eleven of which are for $32 each and one of which is for $13. The notes, dated June 1, 1934, were given for a Dodge hearse. Time was made of essence, and title remained in Knightstown Body Company until all notes and interest were paid. On the back of the notes was the following: "Pay to order of Jessie A. Silver. Knightstown Body Company, by R. L. Silver, president." Plaintiff also alleged that due notice, as required by law, had been given the defendants, and attached a letter to the petition demanding payment and giving such notice.

In their answer, the defendants denied the debt and that notice for attorney's fees had been given. They admitted executing the notes, and alleged that the holder, the plaintiff, took the notes with

notice of dishonor and after maturity, and that the plaintiff was subject to all the defenses existing between the defendants and Knightstown Body Company. The defendants further alleged that the notes were given for the purchase of a Dodge funeral car; that on September 28, 1934, defendants entered into a contract with Knightstown Body Company for the purchase of an Oldsmobile "8" hearse, and did deliver to it a Henney combination hearse, accepted by it at a price of $600, and it then advised the defendants it was unable to deliver the Oldsmobile hearse which the contract called for; that the defendants demanded a return of the Henney hearse which return was refused, and Knightstown Body Company told them it had sold it to a third party and it could not return it; that $200 was subsequently paid to defendants by an agent of Knightstown Body Company on the Henney hearse, leaving a balance of $400 plus interest from September 28, 1934; upon such refusal the defendants then refused to pay any more of said notes for the Dodge hearse; that the plaintiff is secretary and treasurer of said company, and knew that the notes sued on were past due and dishonored when she took them, "if such was in fact done, which your defendants deny, and your defendants alleged on information and belief that said purported transfer is a mere colorable transaction, and that no consideration did in fact pass, and no transfer was made."

1. The general grounds and special grounds 1, 5, and 6 will be discussed together. The plaintiff, as alleged transferee of Knightstown Body Company, contends that the defendants' claim against Knightstown Body Company would in no wise be a defense permitted by law to be set off against her as holder of the note, whether she be a bona fide holder for value or a holder under dishonor, for the defense offered as a set-off was in no way connected with the debt sued on or the transaction out of which it sprung, and that the verdict was contrary to the law and the evidence, citing Code, § 20-1305, which declares: "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung," and numerous decisions supporting the same. The defendants admit that the principal of law cited by the plaintiff, were it applicable, would be fatal to their case, but contend

that no transfer in fact took place and that Knightstown Body Company was the real plaintiff; that the purported transferee, Miss Jessie Silver, a nonresident, was secretary and treasurer of that nonresident company; that the transfer was a mere scheme or colorable transfer for the purpose of depriving them of this defense by taking advantage of Code, § 20-1305.

Presentment of a negotiable instrument properly indorsed is prima facie evidence of the holder's right to recover against the maker, yet, a maker may require further evidence to support this prima facie evidence by showing a defense that would have been available against the payee. The reason for this distinction, as generally given, is that a presumption exists that a payee with outstanding defenses against the instrument would be likely to shield himself by placing the instrument in the hands of another person to sue upon it. 3 R. C. L. 1038, § 244. After establishing a prima facie case, the plaintiff may then rest; the burden then shifts to the defendant and upon proof of a fraud, or illegality, or colorable transaction, an obligation is then imposed upon the plaintiff to prove that he came into possession of the instrument fairly and under such circumstances as entitles him to recovery. Evidence that he took for value and before maturity is not sufficient. He must disclose the facts and circumstances under which he came into possession of the instrument. "Whether the plaintiff has sufficiently satisfied the burden resting upon him, and made good his claim to be an innocent purchaser, is therefore a question for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference therefrom." 3 R. C. L. 1041, § 245. See also *Citizens Bank of Tifton* v. *Timmons,* 15 *Ga. App.* 815 (4) (84 S. E. 232); 11 C. J. S. 168, § 683.

It is true that "a set-off that a maker has against the payee is not an infirmity in the instrument or a defect of title; consequently knowledge of this set-off does not prevent one from being a holder in due course. Of course, notice acquired after buying and paying for the paper does not affect the holder." Green's Negotiable Instruments, 68. This court, in *Southeastern Rubber Works* v. *National Discount Co., 27 Ga. App.* 244 (2) (107 S. E. 598), has said: "The defense of set-off is not applicable to a negotiable note transferred for an adequate consideration before maturity, even

though the transferee purchased the note with notice of the claim of set-off. Daniel's Negotiable Instruments, § 1435." In *Cairo Banking Co.* v. *Hall,* 42 *Ga. App.* 785 (157 S. E. 346), it was held: "A transferee of a negotiable promissory note does not take it subject to any rights or equities between the original parties which arise and come into existence after the transfer. *Georgia State Bank* v. *Harden,* 32 *Ga. App.* 300 (124 S. E. 68), and cases there cited." It would seem from the above rulings and the evidence for the plaintiff that a verdict and judgment were demanded in her favor.

However, the Supreme Court in *Phillips* v. *Loyd,* 83 *Ga.* 536 (2) (10 S. E. 232), allowed certain testimony to show failure of consideration, and that the plaintiff purchaser of the note had notice thereof, and said: "That the purchaser was agent of the payee in superintending the preparation of materials for, or in laying down the pavement which constituted the consideration of the note in suit, would not, as a matter of law, be notice or the equivalent of notice to such purchaser of defects in the pavement rendering it of no value, or of less value than the contract price. Such agency would only be a circumstance for consideration by the jury." This court in *Britt* v. *Kersey,* 42 *Ga. App.* 753 (157 S. E. 384), held, in effect, that the evidence authorized a denial of recovery where it authorized the inference that the transferee was a partner of the payee, and had an interest in the mules for which the note was given, said mules not being sound and in good health as warranted. "In order to show that the plaintiff is not a bona fide holder it is sufficient to allege that the instrument was transferred to the plaintiff for the purpose of debarring the defendant from a defense which he could have asserted against the transferor provided a defense is stated" (10 C. J. S. 1252, § 624), and where "it is claimed that the transfer was merely colorable to avoid defenses, such fact may be alleged, provided a defense is set up against the transferor." 10 C. J. S. 1276, § 634. This court has also said in *Nessmith Lumber Co.* v. *Berrien County Bank,* 18 *Ga. App.* 788 (3) (90 S. E. 1039), that "the plaintiff bank, being the transferee of the negotiable note sued upon, was presumably the bona fide purchaser of the same for value and before maturity; and it was for the jury to say whether this presumption was rebutted by the evidence adduced upon the trial."

It appears from the evidence that the plaintiff claimed a transfer of the notes to her for $749 in June, 1934, and substantiated this contention by introducing the notes, duly indorsed, together with a canceled check to the Knightstown Body Company in the amount of $2570.30, and a notation on her check stub of same date as follows: "No. 241. 6-29-1934, to Knightstown Body Company, Bond, West End, Washington, and Sellers, $2570.30." Her deposition being in effect that $749 of this check was for the Sellers' notes. The evidence also disclosed that the defendants had no notice of this transfer until January, 1936, and in the meantime defendants had paid all notes which matured from June 1, 1934, through May 1, 1935, by check to the order of Knightstown Body Company, "indorsed Knightstown Body Company, Per treas. J. A. Silver." The notice of the inability of Knightstown Body Company to perform the contract for the sale of the Oldsmobile hearse was given to the defendants by letter dated May 10, 1935. In reply to a notice dated June 1, 1935, from the *Knightstown Body Company* that their note was due, the defendants answered by letter June 8th, 1935, "that the balance due you on the car bought by us [Dodge] is just about the same as due you from the sale of the above car [Henney hearse] to Mrs. St. John  ." and stated, "we would be glad to pay the difference if we owe some amount." The defendants received no answer to this letter. *The Knightstown Body Company* continued to send notices of maturing notes on the Dodge car until November 4, 1935, and then certain correspondence occurred between an attorney for the defendants and Knightstown Body Company concerning the transaction until November 27, 1935. Then the defendants received a letter dated January 6, 1936, from the attorneys of Jessie A. Silver, plaintiff, giving them notice of an intention to sue.

We are of the opinion that this evidence presented circumstances from which the jury were authorized to find that the transfer to the plaintiff was merely a colorable transaction, that the real party in suit was Knightstown Body Company, that the plaintiff was suing for the benefit of the company, and that the set-off against the beneficiary (the company) should be allowed. *Pullen* v. *Powell*, 35 *Ga. App.* 333 (2) (132 S. E. 922). The instant case is very similar on its facts to *Pullen* v. *Powell*, 37 *Ga. App.* 325 (140 S. E. 392), where the jury allowed part of the set-off and this court

sustained the verdict, and we are therefore of the opinion that the evidence authorized the verdict and there is no merit in the assignments of error here raised.

2. In special ground 2 the plaintiff in error contends that there was a rescission of the contract for the sale of the Oldsmobile by mutual agreement between Knightstown Body Company and the defendants, and that the defendants had no right of set-off to set up. In view of the fact that the judge properly presented this question to the jury in his charge, and in view of the fact that the jury settled the controversy raised by the facts as to whether or not there was a rescission in favor of the defendants (there being evidence sufficient to warrant such a finding), and in view of the fact that the judge approved the verdict, we are not prepared to hold that this ground is a cause for new trial. See *Rogers* v. *Patterson*, 14 *Ga. App.* 292 (80 S. E. 701).

3. There is no merit in the other assignments of error.

4. The evidence warranted the verdict, and the trial judge did not err in overruling the motion for new trial as amended.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*