HARTLEY, administratrix, *et al. v.* HARTLEY *et al.*

JENKINS, Presiding Justice. 1. "Duplicity in pleading on the part of a plaintiff consists, not in asserting a right to and praying for relief inappropriate to the cause of action set forth in his petition, but in making therein equivocal statements with a view to getting the benefit of two or more inconsistent theories as to his right to recover, or in basing his complaint upon different versions with respect to the facts which gave rise thereto." *Orr* v. *Cooledge,* 117 *Ga.* 195 (3) (43 S. E. 527).

2. Under the rule just stated, the petition, brought in a single count, was duplicitous and subject to the motion on demurrer that the petitioner should be required to elect on which of the theories of the case as alleged he would stand, and which inconsistent remedy invoked he would insist upon. This is true for the reason that the petition as amended, on the one hand, claims title to the property involved for the reason that it was bought by the petitioner's father as trustee with his children's money, and their election to accept it as their own, with the consent of their father, operated in equity to put the title in them, and the court was asked to so decree it; while, on the other hand, a different theory is presented, in that it is alleged that, after the father had promised to make his children an absolute deed to the property, as having been bought with their money, he in fact executed and delivered to them a security deed with a note attached, due twenty-two years after the date thereof, such deed reciting on its face that the property conveyed had been bought with trust money belonging to the grantees; that, in view of such recitals in the deed, and the fact that the grantees promptly repudiated the note as an evidence of any indebtedness by the father, and that the deceased father, prior to his death, had put the children in possession of the property and had continually agreed to convert the security deed into an absolute conveyance, the effect of the deed as made was thereby to convey to his children the full and absolute title to the property; and the court was

asked so to decree and to strike from the security deed the portions preserving in the grantor an equitable interest in the property, so that such deed, as thus altered, would by its terms convey the full and absolute title.

3. The court having erroneously overruled the demurrer setting forth the different theories of the petition and the resultant inconsistencies of the remedies sought, and having refused to require an election of remedies, the case is remanded in order that the plaintiff may cure the defect thus indicated. In the meantime, this court is not now required to rule on the merits of the inconsistent claims involving inconsistent remedies, and could not do so with propriety until the plaintiff shall have elected upon which theory of the petition he elects to stand and which of the inconsistent remedies he desires to invoke. See *Whiddon* v. *Southern Auto Finance Co.*, 186 *Ga.* 726 (3), 727 (198 S. E. 729).

*Judgment reversed. All the Justices concur.*

No. 14990. OCTOBER 4, 1944.

*Isaac S. Peebles Jr.*, for plaintiff in error.
*W. K. Miller* and *Curry & Curry*, contra.