GLYNN LUMBER COMPANY et al. v. McCANN et al.

DUCKWORTH, Justice. 1. "Duplicity in pleading on the part of a plaintiff consists, not in asserting a right to and praying for relief inappropriate to the cause of action set forth in his petition, but in making therein equivocal statements with a view to getting the benefit of two or more inconsistent theories as to his right to recover, or in basing his complaint upon different versions with respect to the facts which gave rise thereto." *Orr* v. *Cooledge*, 117 *Ga.* 195 (3) (43 S. E. 527); *Smith* v. *McWhorter*, 173 *Ga.* 255, 263 (160 S. E. 250); *Hartley* v. *Hartley*, 198 *Ga.* 294 (1) (31 S. E. 2d, 655). Accordingly—where an amendment tendered by the defendants to their cross-action sought to recover a judgment for $35,000, upon the basis that such amount was the recited consideration in a timber-lease contract for the license granted the plaintiffs to cut and remove timber from described lands, and in other paragraphs it was sought to recover such amount on the theory of quantum meruit for the right to cut and remove the timber for the period stipulated, and where among various grounds of written objections, the plaintiffs challenged the allegations of the petition as duplicitous, in that in the paragraphs first above described it was attempted to allege a cause of action for the consideration recited in the lease contract, and in the other paragraphs it was sought to recover the same amount on the theory of quantum meruit—the amendment was subject to this ground of objection.

2. Although the amendment might have contained other allegations which were proper, since no offer was made to delete the objectionable portions and it was insisted upon as a whole, the court did not err in disallowing the same. *White* v. *Little*, 139 *Ga.* 522 (4) (77 S. E. 646).

3. Since the sole ground of attack upon the final judgment in favor of the plaintiffs is the alleged antecedent error in disallowing the defendant's amendment, it follows from the rulings above made that the judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

No. 15586. OCTOBER 9, 1946.

*Reese, Bennet & Gilbert,* for plaintiffs in error.
*Thomas & Thomas,* and *J. H. Highsmith,* contra.