1. "Duplicity in pleading on the part of a plaintiff consists, not in asserting a right to and praying for relief inappropriate to the cause of action set forth in his petition, but in making therein equivocal statements with a view to getting the benefit of two or more inconsistent theories as to his right to recover, or in basing his complaint upon different versions with respect to the facts which gave rise thereto." Orr v. Cooledge, 117 Ga. 195
(3) (43 S.E. 527); Smith v. McWhorter, 173 Ga. 255, 263
(160 S.E. 250); Hartley v. Hartley, 198 Ga. 294 (1) (31 S.E.2d 655). Accordingly — where an amendment tendered by the defendants to their cross-action sought to recover a judgment for $35,000, upon the basis that such amount was the recited consideration in a timber-lease contract for the license granted the plaintiffs to cut and remove timber from described lands, and in other paragraphs it was sought to recover such amount on the theory of quantum meruit for the right to cut and remove the timber for the period stipulated, and where among various grounds of written objections, the plaintiffs challenged the allegations of the petition as duplicitous, in that in the paragraphs first above described it was attempted to allege a cause of action for the consideration recited in the lease contract, and in the other paragraphs it was sought to recover the same amount on the theory of quantum meruit — the amendment was subject to this ground of objection.
2. Although the amendment might have contained other allegations which were proper, since no offer was made to delete the objectionable portions and it was insisted upon as a whole, the court did not err in disallowing the same. White v. Little, 139 Ga. 522 (4) (77 S.E. 646).
3. Since the sole ground of attack upon the final judgment in favor of the plaintiffs is the alleged antecedent error in disallowing the defendant's amendment, it follows from the rulings above made that the judgment must be affirmed.
Judgment affirmed. All the Justicesconcur.
 No. 15586. OCTOBER 9, 1946.
W. F. McCann, J. Y. McCann, Mrs. X. Y. McCann, and Madge McCann, as partners trading under the name of McCann Lumber Company, entered into a lease with J. B. D. Paulk, as trustee, on March 1, 1943, to cut timber from described land in Glynn County, Georgia. On April 12, 1944, Glynn Lumber Company, a corporation, became the owner of the land subject to the lease and all rights of the lessor through a conveyance of the land and an assignment of the lease by J. B. D. Paulk, as trustee. Subsequently McCann Lumber Company, the lessees, sought in the Superior Court of Glynn County to enjoin Glynn Lumber Company, its agents *Page 355 
and servants, from interfering with them in the cutting of the timber under the aforesaid lease. The defendants answered, denying the right of the lessees to continue to cut the timber under the lease, and also sought by cross-action to enjoin the lessees from a further cutting of the timber under the lease, which contained a general recital of a consideration of $35,000 and also recited that the lumber cut was to be paid for at $12.50 per thousand feet, the duration of the lease being from March 1, 1943, through December 31, 1946. The lessees contended that under the provisions of the lease they had the right to cut and remove the timber at the stipulated price, regardless of the total quantity, until the expiration of the lease. The defendants contended that the lessees had the right to cut only $35,000 worth of lumber at the stated price of $12.50 per thousand feet, that more than $35,000 worth of lumber had been cut by them, and that all rights under the lease had terminated. The trial court construed the lease as ambiguous; and, after admitting in evidence, over objection of the plaintiffs, testimony to show, as contended by the defendants, that it was the intention of the parties that only $35,000 worth of lumber was to be cut under the lease, entered an order enjoining both the plaintiffs and the defendants from cutting any timber from the lands covered by the lease until the further order of the court. The plaintiffs excepted, and in McCann v. Glynn Lumber Co., 199 Ga. 669
(34 S.E.2d 839), to which reference may be had for a full statement of the pleadings and proceedings, this court reversed the judgment of the trial court in enjoining the lessees and in refusing to enjoin the defendants as prayed by the plaintiffs. It was held that the stated $35,000 was not the consideration for the timber itself, but was the consideration or part of the consideration for the license granted the lessees to cut and remove the timber at the stipulated price per thousand feet for the period named, and was not a limitation upon the quantity of timber to be cut.
On July 30, 1945, the remittitur from this court was filed in the trial court and the judgment of this court made the judgment of that court. On August 10, 1945, upon motion of the plaintiffs, the court released the restraining order against them and entered an order enjoining the defendants until the further order of the court from interfering in any manner with the plaintiffs, their agents and employees, and from entering upon the lands described in the Paulk lease. *Page 356 
On October 13, 1945, the defendants tendered an amendment to their cross-action, striking such portions of the original answer and cross-action as set up their contentions that the plaintiffs were by the lease limited to cutting lumber in the amount of $35,000, and also their prayers for injunction and other relief. The amendment added to the original answer and cross-actions numerous allegations seeking to recover the sum of $35,000 from the plaintiffs, the basic allegations being as follows: Paragraph 28. "This defendant shows that plaintiffs have not paid the $35,000 consideration for the license to cut and remove the timber on the lands described in the contract for the term therein specified, nor have they paid any part thereof, but on the contrary have paid only the price of $12.50 per thousand feet for such timber as they have actually cut and removed under the license so granted." Paragraph 29. "The plaintiffs by reason of the fact hereinabove alleged are therefore indebted to this defendant, Glynn Lumber Company, in the sum of $35,000." Paragraph 30. "This defendant shows that the reasonable value of the license to cut and remove the timber of the kinds and sizes specified in the lease contract between Paulk as trustee and plaintiffs for the terms commencing March 1, 1943, and ending December 31, 1946, is the sum of $35,000." Paragraph 31. "Plaintiffs have not paid defendant anything for the aforesaid license to cut and remove said timber for the period aforesaid, but have paid under said lease only the price of $12.50 per thousand feet board measure for such timber as plaintiffs have actually cut and removed from said lands." Paragraph 32. "By reason of the facts hereinabove alleged, plaintiffs are indebted to defendant, Glynn Lumber Company, for the reasonable value of the aforesaid license to cut said timber for the term commencing March 1, 1943, and expiring December 31, 1946, to wit, the sum of $35,000." Judgment was prayed for that amount.
To this amendment the plaintiffs filed written objections on numerous grounds, among them being the following: "Plaintiffs object to and move to disallow paragraph 6 of the said tendered amendment and that portion of same appearing under paragraphs numbered 28, 29, 30, 31, and 32 upon the following grounds, to wit: . . (b) Said paragraphs are multifarious and duplicitous, and contain two separate and distinct causes of action, paragraphs *Page 357 
28 and 29 attempting to allege a cause of action for consideration as recited in the contract, and paragraphs 30, 31, and 32 attempting to recover same amount on the same contract on the theory of quantum meruit." The court sustained all the written objections, including that above mentioned, except an objection that the amendment was not sworn to; and the defendants not electing to strike any portion of the amendment, the court disallowed the same. The defendants excepted pendente lite. Thereafter the cause came on for a hearing upon its merits, a verdict was taken against the defendants, and judgment was entered permanently enjoining them as prayed by the plaintiffs. Error is assigned upon the judgment and upon the exceptions pendente lite, it being contended that the errors therein complained of entered into and affected the final judgment.