32609. EAST ALABAMA COACH LINES INC. *v.* BOYD.

DECIDED OCTOBER 11, 1949.

94

96

*Duke Davis, D. T. Ware,* for plaintiff in error.

*Wyatt & Morgan,* contra.

GARDNER, J. 1. The defendant East Alabama Coast Lines Inc., earnestly insist that the plaintiff was not entitled to recover in this case, and by way of argument on this point state that it is well established that in order to recover on account of the negligence of another, the negligence must first be proved and that such negligence must be the chief and preponderating cause of the injury. It is argued that the excessive speed of the bus is the only act of negligence on which any positive evidence was introduced; and further, that there was no positive evidence that the driver was driving across the center line of the highway. We have set out the evidence in detail. Code § 105-2008, as to imaginary or possible results of a tortious act being too remote to be the basis of recovery against the wrongdoer; and the contents of Code § 105-2009 as to damages traceable to the act of a

wrongdoer, the resulting injury not being the legal or natural consequences, but too remote and contingent, set out correct principles of law, but do not aid the defendant here, in view of the positive evidence as to the excessive speed of the bus (negligence per se), and other evidence which was before the jury. The jury considered the evidence sufficient on which to base a recovery by the plaintiff. In support of the theory that the injury in the instant case was not the natural and proximate result of the negligence of the defendant, counsel cite the following cases: *Perry* v. *Central Railroad,* 66 *Ga.* 746 (5); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848 (31 S. E. 443); *United States Casualty Co.* v. *Mathews,* 35 *Ga. App.* 526 (3) (133 S. E. 875); *McMahen* v. *Nashville, Chattanooga &c. Ry. Co.,* 68 *Ga. App.* 397 (23 S. E. 2d, 81); *Whitaker* v. *Jones, McDougald &c. Co.,* 69 *Ga. App.* 711 (26 S. E. 2d, 545). And to the same effect counsel also cite *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395), *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738), *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906), *Rome Railway &c. Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786), *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483 (170 S. E. 688), and *Gallovitch* v. *Ellis,* 55 *Ga. App.* 780 (191 S. E. 384). The facts in those cases, as may be determined by a reading thereof, are different from the facts in the instant case. The jury evidently believed, as reflected by their findings, that the negligence of the driver of the bus was the causative factor involved in the resulting injury. And a comprehensive survey of the determining factors involved in the instant case, as shown by the evidence, compels us to sustain the findings of the jury. There is no merit in the general grounds.

2. There is only one special ground, which goes to the complaint that the court committed reversible error in charging the jury as follows: "Now, gentlemen, in that connection, I charge you, the injury claimed must be the direct result of the misconduct charged; but it will not be considered too remote, if, according to the usual experience of mankind, the result ought to have been apprehended. The act of a third person intervening and contributing to a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such an act ought to have been foreseen. The original negli-

gence still remains a culpable and direct cause of the injury. The test will be found in the probable injurious consequences which were to be anticipated, and not in the number of consequent events and agencies which might arise." Movant avers that the charge as given by the court was erroneous and not applicable to the evidence in the case; that there were no pleadings to authorize such a charge; that the evidence, excluded the applicability of the excerpt from the court's charge as quoted hereinabove; and that the court erred in so charging. We are of the opinion that the charge of the court was not misleading to the jury, and therefore not harmful to the defendant. In our opinion counsel brought into play the proximate and intervening cause principle of law as shown by the following written request to charge: ."Gentlemen, I charge you that where proximate cause of an injury to the plaintiff is the negligence of someone else other than the defendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence." And it is further the opinion of this court that it would have been the duty of the court to so charge, even in the absence of such request. It follows that the court did not err in charging the principle of law embraced in the excerpt. There is no merit in this special ground.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*