33351. CITY OF ATLANTA *v.* MINDER

DECIDED FEBRUARY 9, 1951.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for plaintiff in error.

*Moise, Post & Gardner, Hugh E. Wright,* contra.

FELTON, J. ■ Defendant in error contends that the petition is not subject to the special demurrer in that the pleading therein is not duplicitous because there is set forth only one ultimate fact situation and not inconsistent or alternative fact situations, and in that one fact situation may result in more than one legal result and may be called by different legal names and may fit into different legal pigeon-holes or doctrines in the law and that the allegation of these legal results from one and only one fact situation does not make three causes of action. We disagree with the contention of the defendant in error except that part of his contention that states one fact situation may

result in more than one legal result and may be called by different legal names and may fit into different legal pigeonholes or doctrines in the law. It is for the very reason above stated that a defendant may by special demurrer require a plaintiff to separate into different counts each legal principle or theory of recovery that the plaintiff may rely on under his alleged facts and thus comply with the right of the defendant to know upon which theory or theories of recovery the plaintiff is relying so that he may properly prepare his defense to his action. Contrary to the defendant in error's contention, duplicity does not relate only to cases where inconsistent sets of fact are alleged in a single count to support a legal theory or theories of recovery, but also to cases where a single set of facts is alleged in a single count to support more than one theory as to the plaintiff's right to recover. *Hartley* v. *Hartley,* 198 *Ga.* 294 (1) (31 S. E. 2d, 655); *Glynn Lumber Co.* v. *McCann,* 201 *Ga.* 354 (1) (40 S. E. 2d, 139). This court held in *City of Albany* v. *Jackson,* 33 *Ga. App.* 30 (125 S. E. 478), that a petition containing only one count wherein the plaintiff sought to recover upon the theory that the defendant city was liable for creating a nuisance upon the land of the plaintiff by allowing water to back up on such land due to a faulty sewer, and upon the theory that such also constituted the taking and damaging of private property for public purposes without a just and adequate compensation being first paid was subject to special demurrer on the ground that the petition was duplicitous. Such pleading in one count was also recognized as being duplicitous in *Smith* v. *Floyd County,* 36 *Ga. App.* 554 (4) (137 S. E. 646). The special demurrer pointing out the duplicity in the petition should have been sustained.

■ The petition stated good causes of action as against a general demurrer upon the theory of nuisance and the theory of taking and damaging private property for public use without just and adequate compensation first being paid. *Kea* v. *City of Dublin,* 145 *Ga.* 511 (89 S. E. 484); *City of Albany* v. *Jackson,* supra. A municipality may be liable for a trespass in the execution of a governmental function only if such trespass constitutes a nuisance or constitutes the taking or damaging of private property for public use without just and adequate com-

pensation first being paid, and as the last two mentioned theories of recovery are contained in the petition, the theory of trespass is superfluous.

The court did not err in overruling the general demurrer.

The court erred in overruling the special demurrer pointing out duplicity.

*Judgment reversed in part, and affirmed in part. Sutton, C. J., and Worrill, J., concur.*