22847.   STODDARD CLEANERS, INC. v. CARR.

ARGUED FEBRUARY 9, 1965—DECIDED MARCH 8, 1965.

708

*M. H. Blackshear*, for plaintiff in error.

*Moreton Rolleston, Jr.*, contra.

Head, Presiding Justice.   In *Car-Perk Services, Inc. v. Carr,* 219 Ga. 322, supra, at page 325, it is stated: "Carr testified that

there was absolutely no agreement that he reconvey the property; that the consideration of the sale to him was his assumption of the debts, agreement to pay them off and the note which he signed." Under the defendant's testimony he agreed to pay the debts of the two companies acquired by him from Car-Perk and due to the plaintiff in the present action. The sole issue for determination by this court is whether the judgment in *Car-Perk Services, Inc. v. Carr,* 219 Ga.. 322, supra, precludes the present action by Stoddard.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. The issue as to the liability of Carr for the debts of City Linen Service and Rainbow Laundry to Stoddard was not litigated in the former case. The question is, could it have been properly included in the former litigation?

In the former litigation, Car-Perk Services, Inc., in an equitable action sought to have the court decree that the assets of the two businesses held by James C. Carr were impressed with a trust and prayed that the court compel a reconveyance to the plaintiff. In the present case Stoddard seeks to recover from Carr certain obligations which Carr admittedly assumed in acquiring the two businesses, City Linen Service and Rainbow Laundry. Thus it appears that the respective claims of Car-Perk Services, Inc., and Stoddard against Carr are separate and distinct, and the relief sought by each litigant is wholly different in character. This being true, Car-Perk Services, Inc., could not have included in its action against Carr the claim of Stoddard, either in the same count or in separate counts.

*Code* § 3-110 provides: "Distinct and separate claims of or against different persons shall not be joined in the same action. Where the damage as well as the interest is several, each party injured shall sue separately." To have joined the claims of Car-Perk Services and Stoddard against Carr would have been a joinder of inconsistent theories as to the right of recovery and would have rendered the petition subject to dismissal on the

ground of duplicity. *Orr v. Cooledge*, 117 Ga. 195 (3) (43 SE 527); *Hartley v. Hartley*, 198 Ga. 294 (1) (31 SE2d 655); *Glynn Lumber Co. v. McCann*, 201 Ga. 354 (40 SE2d 139).

Car-Perk Services, Inc., could not have included two wholly separate and distinct contentions as to a right of recovery by separate and distinct persons in its petition without rendering such petition subject to demurrer, there being no connected interest common to both plaintiffs. *Blaisdell v. Bohr*, 68 Ga. 56; *City Bank of Macon v. Bartlett*, 71 Ga. 797; *Richardson v. Adams*, 99 Ga. 81 (24 SE 849); *Van Dyke v. Van Dyke*, 120 Ga. 984 (48 SE 380); *Georgia Railroad & Banking Co. v. Tice*, 124 Ga. 459 (52 SE 916, 4 AC 200); *White v. North Georgia Elec. Co.*, 128 Ga. 539 (58 SE 33); *Miller v. Jones*, 136 Ga. 428, 435 (71 SE 910); *Sanders v. Wilson*, 193 Ga. 393 (18 SE2d 765); *Lyle v. Keehn*, 195 Ga. 508 (24 SE2d 655).

The trial judge erred in holding that the claim of Stoddard could have been included by Car-Perk Services, Inc., in its action against Carr.

*Judgment reversed. All the Justices concur.*