42763. EUBANKS v. ELECTRICAL WHOLESALERS, INC.

ARGUED MAY 4, 1967—DECIDED MAY 29, 1967—
REHEARING DENIED JUNE 21, 1967—

*William T. Brooks,* for appellant.

*Maley & Crowe, James E. Maley,* for appellee.

. QUILLIAN, Judge. The only question here involved is whether the plea of res judicata is sufficient when tested on general demurrer. In considering this question, we are confronted with the novel proposition propounded by the appellant that, since a general demurrer was sustained to his petition in a former suit seeking an accounting, the defendant in that suit by failing to file a cross action is now precluded by the doctrine of res judicata from proceeding with the present suit on account.

*Code* § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Relying on this principle and cases expounding it, e.g. *Hoffman v. Summerford,* 28 Ga. App. 247 (1) (111 SE 68); *Clay v. Smith,* 207 Ga. 610 (63 SE2d 602), the appellant contends that when the suit was filed against Electrical, if it had any defense or counterclaim which could be asserted, it must have asserted such defense or claim. When the present plaintiff failed to do so it is now bound by the judgment on demurrer dismissing the present defendant's suit.

A plaintiff, by bringing a suit, can not compel the defendant to litigate any claim which the defendant may have against the plaintiff by way of setoff and which is not a matter purely defensive to the suit filed by the plaintiff. *Newsome v. Smith,* 25 Ga. App. 148 (2) (102 SE 841); *Jones v. Schacter,* 29 Ga. App. 132, 133 (114 SE 59); *Johnson v. Reeves,* 112 Ga. 690, 691 (37 SE 980); *Dowling v. Pound,* 214 Ga. 298, 299 (104 SE2d 465). In *Security Ins. Co. v. Eakin,* 41 Ga. App. 257 (2) (152

SE 606) it is held: "An insured person can not by bringing suit against the insurance company force it to set up against him any matter of setoff which the company may have against him, except such as is purely defensive; but the insurance company may enforce such a claim by a subsequent suit, unless it appears that the subject matter of the latter suit was within the scope of the pleadings in the former suit and that the issue was determined in that suit."

The judgment in the prior action never passed upon the issue in the present case. The first judgment determined only that Eubanks' petition set out no cause of action for equitable accounting. It did not go further and pass upon or consider whether Electrical had a valid cause of action on account against Eubanks. Whether Electrical chose to file a cross action in the prior suit was of no significance, since that issue was not, and could not have been, reached by the ruling sustaining the general demurrer. See *Acree v. Bandy,* 20 Ga. App. 133 (92 SE 765); *Worth v. Carmichael,* 114 Ga. 699 (40 SE 797).

Nothing held herein is in conflict with *Crow v. Mothers Beautiful Co.,* 115 Ga. App. 747, because as in *Buie v. Waters,* 209 Ga. 608 (74 SE2d 883), the merits were not and could not have been reached in the prior suit.

The present cause of action not being a matter put in issue, or which under the rules of law might have been put in issue under the former judgment, the doctrine of res judicata is not applicable.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*