## 35338. REDI-CUT COMPANY, INC. v. BONANZA INTERNATIONAL, INC.

NICHOLS, Chief Justice.

Redi-Cut appeals from judgment entered for Bonanza on Bonanza's equitable complaint brought pursuant to Code Ann. § 81A-160 (e) to set aside a default judgment entered against Bonanza in the State Court of DeKalb County.

Redi-Cut filed "identical twin" collection actions against Bonanza and Biftec in the State Courts of Fulton and DeKalb Counties. Redi-Cut voluntarily dismissed the Fulton County action upon discovering that it could not perfect service upon Biftec in Fulton County. The DeKalb County action was properly served upon both defendants. Bonanza failed to answer the DeKalb County action, unsuccessfully tried to set aside under Code Ann. § 81A-160 (d) the default judgment previously entered, took no appeal from the adverse judgment of the State Court of DeKalb County, then filed the present action in the Superior Court of Fulton County. The Fulton County Superior Court set aside the judgment of the State Court of DeKalb County and Redi-Cut appeals.

1. The equitable complaint filed under § 81A-160 (e) was not barred by res judicata, collateral estoppel or estoppel by judgment. Neither was the Fulton County suit barred by the provision of Code Ann. § 81A-160 (a) stating that a judgment not void on its face "shall be subject to attack . . . in *one* of the methods hereinafter prescribed." (Emphasis supplied.) The issues as to affirmative equitable relief raised in the Superior Court of Fulton County were not, and could not have been, put in issue in the DeKalb County action since the State Court of DeKalb County lacks jurisdiction to decree affirmative equitable relief. Ga. L. 1947, pp. 1225, 1226; Ga. L. 1949, pp. 666, 667; Ga. L. 1962, p. 3227. See *Eubanks v. Electrical*

*Wholesalers,* 116 Ga. App. 56 (156 SE2d 502) (1967). See also *Bonneau v. Ohme,* 244 Ga. 184 (1979), and *Gibbs v. Spencer Industries, Inc.,* 244 Ga. 450 (1979).

2. The findings of fact of the trial court are not clearly erroneous and will not be set aside. Code Ann. § 81A-152 (a).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1979 — DECIDED NOVEMBER 21, 1979 — REHEARING DENIED DECEMBER 4, 1979.

*W. Jason Uchitel,* for appellant.

*Hansell, Post, Brandon & Dorsey, F. Carlton King, Jr., John G. Parker,* for appellee.