## 59916. FIRESTONE TIRE & RUBBER COMPANY v. PINYAN et al.

CARLEY, Judge.

Appellee-Pinyan was employed as a truck driver. His employer leased trucks from Hertz Corporation which were equipped with tires manufactured by appellant-Firestone. In 1975 the truck he was driving left the road and crashed, resulting in the death of his passenger and in injuries to Pinyan. Pinyan instituted suit against Firestone and Hertz for personal injuries sustained by him, alleging that the crash was the result of the blowout of a defective tire manufactured by Firestone and placed on the truck by Hertz. The jury returned a verdict in his favor and against Firestone in the amount of $375,000 and a verdict in favor of Hertz. This is an appeal from the order denying Firestone's motion for new trial.

1. During the second day of the first of two trials, Pinyan's counsel elicited testimony concerning recall of Firestone's tires. However, the tires involved in the case on trial had never been the subject of any recall. A defense motion for mistrial was made and granted. The jury was discharged and instructed "not to discuss what has transpired in your presence and hearing with anyone." On voir dire of prospective jurors for the second trial, Firestone objected to trying the case with jurors who had been exposed to the panel discharged after the mistrial and made an oral motion for continuance on that ground. This motion for a continuance was denied. In its motion for new trial, Firestone set forth as error the trial court's refusal to grant the continuance and also asserted that "[t]he jurors knew that the trial immediately [preceding] the one on which they sat ended in a mistrial and at least one of the jurors heard that the mistrial resulted from something having to do with the recall of tires." In support of its motion for new trial, Firestone submitted the affidavit of one of the jurors, which contained the following statements: "I was aware at the time of my selection as a juror and during the trial of this case that a prior trial of this case had concluded immediately before I was selected as a juror and had ended in a mistrial. I acquired such knowledge outside the courtroom in the halls through conversations with other persons summoned for jury service in the Cobb Superior Court on May 29, 1979, and from other individuals in the halls outside the courtroom. I, myself, heard in these conversations that the mistrial resulted from something having to do with the recall of tires. I know from conversations I overheard between fellow jurors sitting on the trial of this case with me that they were aware that a previous trial between the same parties was declared a mistrial, because they stated in my presence that they

knew about it."

"The affidavits of jurors may be taken to sustain but not to impeach their verdict." Code Ann. § 110-109. " 'The rule (of Code § 110-109) has a valid and salutary application in disallowing jurors to impeach their verdicts on the basis of statements made to one another in the jury room and the effect of those statements upon the minds of the individual jurors.' [Cit.] . . . 'Under this rule of law, it has been repeatedly held that the affidavit of a juror will not be received to show that the jurors in arriving at their verdict acted upon private knowledge or upon matters which were not in evidence.' [Cits.]" *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68, 73 (256 SE2d 619) (1979). Citing *Livingston v. Wynne,* 147 Ga. 307 (93 SE 894) (1917) and *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976), Firestone urges, however, that the rule prohibiting jurors from impeaching their verdict has no application in this case because the very possibility that there would be interaction of jurors was raised through its motion for continuance at trial before the jury returned its verdict. We do not agree. Both *Livingston* and *Watkins* involved alleged juror misconduct during the course of trial. *Livingston* makes it clear, and it is intimated in *Watkins,* that this alleged post-selection juror misconduct was the matter of a properly raised objection in the trial court—a motion for mistrial in *Watkins*—which was not properly disposed of by the trial judge. Neither circumstance exists in the instant case. The allegations raised here at trial were not of post-selection juror misconduct but, rather, of matters which were addressed merely to the qualification of each juror to serve as an impartial fact finder. And the allegations were asserted in the form of a motion for continuance which was properly denied. "The [motion for continuance grounded upon commingling of jurors] addressed the qualification of each juror, and is fully met by the questions and answers on voir dire. [Cits.]" *Rutledge v. State,* 152 Ga. App. 849 (264 SE2d 248) (1979). We, therefore, find no merit in Firestone's first two enumerations of error.

2. A passenger in the truck driven by Pinyan at the time of the crash was killed. Prior to the instant action suit for wrongful death was instituted against Pinyan and his employer in Fulton County by the deceased's husband and children, the allegations being that the crash and resulting death were caused solely and proximately by the gross negligence of Pinyan and his employer. A third-party complaint was served on Firestone, in which Pinyan and his employer alleged that because of negligent manufacture of the tires or by virtue of strict liability, Firestone was liable for all or part of the wrongful death claim. Subsequently, Pinyan and his employer allowed the entry of a consent judgment against them in favor of the plaintiffs in

the Fulton County case and, on the same date, dismissed their third-party complaint against Firestone.

In the instant case Firestone attempted to introduce into evidence certified copies of the complaint, third-party complaint, consent judgment and dismissal order in the Fulton County litigation. The trial judge refused to admit these documents into evidence. Firestone enumerates this ruling as error, contending that the documents were evidence which would collaterally estop Pinyan from denying that his own gross negligence was the sole proximate cause of the crash which forms the basis of his claim for damages. Firestone also urges that, had the evidence been admitted, its motion for directed verdict should have been granted.

The threshold question is whether, in the instant case, Firestone is entitled to assert a plea of collateral estoppel based upon the Fulton County consent judgment. "In order for the doctrine of res judicata to apply, or for a party to take advantage of the doctrine in a subsequent suit brought against him after the termination of the first, there are three prerequisites to which the situation must conform. They are: (1) identity of parties; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction. All of these elements must concur. [Cits.]" *Lewis v. Price,* 104 Ga. App. 473, 474 (122 SE2d 129) (1961). " 'While res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit.' [Cits.] 'While the phrase "same parties" does not mean that all of the parties on the respective sides of the litigation in the two cases shall have been identical, it does mean that those who invoke the defense and against whom it is invoked must be the same. [Cit.]' " *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778, 779 (262 SE2d 189) (1979).

Application of the above stated rules to the factual situation in the instant case reveals the following: The Fulton County suit was to recover for the wrongful death of the passenger. Pinyan was a defendant in that suit and Firestone was a third-party defendant. Thus, as between Pinyan and Firestone, the only issue which could have been litigated was Firestone's secondary liability to Pinyan for the passenger's death. Code Ann. § 81A-114; *Dorsey Heating &c. Co. v. C. C. Dickson, Inc.,* 153 Ga. App. 599 (266 SE2d 282) (1980). The instant suit, however, asserts Firestone's liability for money damages as compensation for Pinyan's own personal injuries—an issue which was not raised and could not have been raised in the Fulton County action. *Stoddard Cleaners v. Carr,* 220 Ga. 707 (141 SE2d 434) (1965).

" '[T]here is an estoppel by the judgment only as to such matters as were necessarily, or as are shown to have been actually, adjudicated in the former litigation. [Cits.]' [Cit.] Estoppel by judgment occurs only when the issue determined in the prior proceeding is the same as that in the subsequent proceeding. [Cits.]" *Delta Air Lines v. Woods,* 137 Ga. App. 693, 695 (224 SE2d 763) (1976). The only issue which could have been determined in the Fulton County suit as between Pinyan and Firestone was the secondary liability of the latter to the former for the death of the passenger. "The present cause of action not being a matter put in issue, or which under the rules of law might have been put in issue under the former judgment, the doctrine of res judicata is not applicable." *Eubanks v. Electrical Wholesalers,* 116 Ga. App. 56, 58 (156 SE2d 502) (1967). Compare, e.g., *Myers v. United Ser. Auto. Assn.,* 130 Ga. App. 357 (203 SE2d 304) (1973); *Crow v. Mothers Beautiful Co.,* 115 Ga. App. 747 (156 SE2d 193) (1967). Firestone, therefore, cannot assert in the instant case the doctrine of estoppel by judgment based upon the prior judgment. *Malcom v. Webb,* 211 Ga. 449, 454 (2) (86 SE2d 489) (1955).

Firestone urges that the documentary evidence relating to the Fulton County lawsuit was admissible under Code Ann. § 38-114 as an admission against interest. This argument is without merit. Even assuming that any admissions made by Pinyan in the former suit against him for wrongful death would be "pertinent to a question involved in the case on trial" for his own personal injuries (*Central of Ga. R. Co. v. Goens,* 30 Ga. App. 770 (3) (119 SE 669) (1923)), Firestone does not seek an estoppel based upon admissions made in Pinyan's pleadings in the Fulton County case. Compare *Wheeler v. Friendly Motors,* 138 Ga. App. 260 (226 SE2d 95) (1976); *Kelly v. Chrysler Corp.,* 129 Ga. App. 447 (199 SE2d 856) (1973). What Firestone seeks, in effect, is the admission into evidence of the consent judgment against Pinyan in the Fulton County action in which there were allegations of his gross negligence. Thus Firestone seeks an estoppel by the judgment in the former action rather than an estoppel by admissions made by Pinyan's pleadings therein. Compare, e.g., *Walea v. Pierce,* 202 Ga. 367 (2) (43 SE2d 268) (1947). "Admissions in judicio apply only to facts in litigation in a particular case." *Liberty Nat. Bank v. Diamond,* 231 Ga. 321, 323 (201 SE2d 400) (1973). Therefore, as we view the issue, the question is whether Firestone is entitled to rely upon Pinyan's consent judgment in the former case as the basis for an estoppel. This issue is resolved under Code Ann. §§ 110-501 and 110-503, not Code Ann. § 38-114 and, for the reasons discussed above, Firestone's position is without merit.

3. Error is enumerated upon the insufficiency of Pinyan's evidence to establish Firestone's strict liability under Code Ann. §

105-106. In order to impose strict liability on the manufacturer of a product, "the plaintiff must show that the manufacturer's product when sold by the manufacturer was defective." *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869 (2) (218 SE2d 580) (1975). Pinyan's expert testified that a properly manufactured tire should not under normal conditions undergo tread separation absent some impact or outside force being applied. While Firestone's witnesses testified the tread separation occurred only after the truck struck a guardrail, Pinyan's expert disagreed and was of the opinion that the tire tread in the instant case "positively did separate from the left front tire before this vehicle left the pavement" and that "the catastrophic disturbance of this tire indicates that failure of the tread[,] separation of the tread[,] had started before impact with the guardrail." The expert further testified that, in his opinion, the tire was defectively manufactured. In light of this testimony we find this enumeration meritless. "[T]he testimony presented a jury question as to whether [Pinyan's] injuries were caused by a manufacturing defect in the tire. [Cits.]" *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 842 (244 SE2d 905) (1978).

4. The trial judge refused to give the following requested jury charge: "I charge you, . . ., that in a suit for damages if it appears that there intervened between the act of a defendant and the damage sustained by the plaintiff, an independent wrongful act which was the direct and proximate cause of the alleged injury and damage to the plaintiff, then and in that event plaintiff would not be entitled to recover of the defendant alleged to have acted wrongfully prior to the intervening act of the other party." Firestone enumerates as error the court's failure to charge in accordance with the request.

Assuming without deciding that the theory of intervening proximate cause is even applicable to a strict liability case where the liability is not predicated on negligence and foreseeability, this enumeration is not a viable one. First, the request was incomplete and inaccurate. " 'While the general rule is that if, subsequently to an original wrongful . . . act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.' " *Williams v. Grier,* 196 Ga. 327, 336 (26 SE2d 698) (1943). "The rule that an intervening and independent [wrongful] act of a third person producing the

injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant, would not apply if the defendant 'had reasonable grounds for apprehending that [such wrongful act] would be committed.' [Cit.]" *Milton Bradley Co. of Ga. v. Cooper,* 79 Ga. App. 302, 307 (53 SE2d 761) (1949). Applying this standard to the requested instruction in the instant case, it is seen that the request did not include a statement that in order for the intervening act to constitute the proximate cause of the injury so as to relieve Firestone from liability for the defective manufacture of the tire the intervening act of the third party must have been one that Firestone had no duty to anticipate. Absent this qualification, a charge on intervening efficient cause is incomplete and imperfect. Cf. *Radcliffe v. Maddox,* 45 Ga. App. 676 (165 SE 841) (1932); *East Ala. Coach Lines v. Boyd,* 80 Ga. App. 93 (55 SE2d 634) (1949). Therefore, even assuming that the doctrine of intervening proximate cause is applicable to strict liability litigation, we find no error in refusing to give this imperfect and incomplete charge on that theory. *Roberson v. Hart,* 148 Ga. App. 343 (251 SE2d 173) (1978).

Secondly, we do not find any evidence which would support a charge on intervening proximate cause. "The principle of remoteness is applicable to situations where an intervening agency, such as negligence of another, preponderates in causing the plaintiff's injury. [Cit.]" *General Motors Corp. v. Davis,* 141 Ga. App. 495, 497 (233 SE2d 825) (1977). As we understand Firestone's contentions concerning the injuries, its defense to liability was not predicated upon Firestone's being merely a remote actor in the chain of causation which eventually lead to the injuries. Rather, its defense was that there was no defect in the tire at all or that the acts of third parties were the sole proximate cause of the injuries. In short, Firestone did not contend that any acts of third parties *intervened* between its alleged wrongful act so as to break the chain of causation which ultimately resulted in Pinyan's injuries. According to its defense it was never in the chain of causation which resulted in those injuries at all—under its evidence the injuries occurred totally in the absence of any wrongful conduct on the part of Firestone. This defense raises the issue of whether Firestone's alleged defective tire was the cause in fact of the injuries—whether "but for" the defect the injuries would have occurred. However, this defense does not raise the issue of intervening proximate cause—which assumes cause in fact exists but denies liability based upon the unforeseeability of the subsequent intervening acts of third persons which preponderate in causing the injuries. See generally *General Motors Corp. v. Davis,* 141 Ga. App. 495, 496 (1), supra.

Furthermore, the record reveals that the trial court gave a full and complete charge on the issue of causation, including the following: "[T]he defendant, Firestone Tire and Rubber Company, states that it is not indebted to the plaintiff in the sum sued for or in any amount. This defendant contends that the event sued upon occurred either as a result of the plaintiff's own negligence or as a result of the actions of another for whose negligence the defendant, Firestone, . . . , is in no way responsible. This defendant specifically denies that the occurrence sued upon was caused by a failure of any tire manufactured by the Firestone Tire and Rubber Company. This defendant also specifically denies the existence of any defect in any tire manufactured by Firestone . . . which may have been placed on the vehicle driven by the plaintiff, James Frank Pinyan . . ." ". . .[T]he law does not permit you to speculate or guess as to whether a defendant or defendants committed a wrongful act . . . , and, if so, whether such wrongful act caused damage to the plaintiff. On the contrary, a wrongful act on the part of the defendant must be proved, and in the absence of such proof, you must find for the defendants. I charge you that it is not necessary for the defendants to prove to you what caused the occurrence complained of in plaintiff's complaint, but if the preponderance of the evidence shows that the defendants were not guilty of any wrongful act or omission, then it would be your duty to return a verdict for the defendants although the cause of the occurrence may be a matter of speculation." The charge, as given, set forth Firestone's defensive contentions as to causation in fact and the law applicable thereto. The jury resolved the factual questions concerning causation contrary to those contentions. We find no error for any reason urged on appeal.

5. The trial court refused to admit into evidence a portion of the Federal Motor Carrier Safety Regulations and to give the following charge requested by Firestone: "I charge you, . . . , that a portion of the Motor Carrier Safety Regulations of the Public Service Commission of Georgia provides: 'Unless specifically authorized in writing to do so by the motor carrier under whose authority the motor vehicle is being operated, no driver shall transport any person or permit any person to be transported on any motor vehicle other than a bus.' " It is urged that since Pinyan had an unauthorized passenger in the truck, the regulation and charge were pertinent to the issue of Pinyan's negligence per se with regard to the incident and whether that negligence, rather than the defective tire, was the sole proximate cause of his injuries. We do not agree.

"As provided in Code Ann. § 105-106, the manufacturer is liable if his product, 'when sold . . . was not merchantable and reasonably suited to the use intended and its condition when sold is the

proximate cause of the injury sustained.' " *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869, supra. "Thus obviously a [manufacturer] may demonstrate in his defense that the product was in fact merchantable and fit for the purpose intended, or that if there was a deficiency in such regard there was no causal connection between the breach and the damages sued for, or that some other factor was the sole proximate cause of the damage." *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471, 474 (191 SE2d 110) (1972). Therefore, in a strict liability case, assuming there is a defect in the product, the question for resolution is one of causation only—whether the injuries were the proximate result of the defect or of some other factor, such as the unreasonable acts of the injured party. *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869, supra; *Jacobs Pharmacy Co. v. Gipson,* 116 Ga. App. 760 (159 SE2d 171) (1967). But whether or not the factors proximately resulting in the injuries were or were not acts of negligence is of no bearing or consequence in a strict liability case. The question for resolution is what factor proximately caused the injuries sustained, not whether that proximate cause would be further termed an act of negligence on the part of the erring party. "[Code Ann. § 105-106], imposes a strict liability on the manufacturer. The liability may be incurred irrespective of negligence, privity of contract, warranties, or exclusions. The usual defenses pertaining to negligence of a defendant may not be invoked. Negligence has no precise legal meaning. Among the best has been declared to be 'the failure to observe, for the protection of the. interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury .' [Cit.] . . . We conclude that neither negligence as a matter of fact or per se is involved in a cause of action brought under Code Ann. § 105-106 . . ." *Ford Motor Co. v. Carter,* 239 Ga. 657, 662 (238 SE2d 361) (1977). Thus, the questions for jury resolution in the instant case were whether there was a defect in the tire and, if so, whether Pinyan's injuries were the proximate result of that defect or of his own acts in causing the crash. The question was whether Pinyan's acts were the sole proximate cause of his injuries, not whether Pinyan's acts which proximately caused his injuries, were acts of negligence. Even if Pinyan were guilty of violating the regulation, characterizing that action as negligence per se avails Firestone no defense unless those actions proximately caused the injury. Evidence as to the presence of the passenger in the truck was before the jury as was evidence of Pinyan's possible distraction theory. The issue of causation in this case was properly submitted to the jury under correct and thorough instructions without reference to whether the acts in the chain of

causation were or were not "negligent." The jury, as it was authorized under the evidence to do, found the tire defective and that this, and not any act by Pinyan, was the proximate cause of the injuries. There was no error in the trial court's refusal to admit into evidence the regulation or to charge as to Pinyan's "negligence per se" with reference to the cause of the wreck. Cf. *Firestone Tire &c. Co. v. Hall,* 152 Ga. App. 560, 565 (6) (263 SE2d 449) (1979).

6. The trial court refused to allow one of Firestone's witnesses to testify as to his opinion on the role the left front tire may have played in causing the vehicle to leave the road. Exclusion of the witness' answer to this question is enumerated as error. Firestone made a proffer of the excluded testimony that the witness would have testified that, in his opinion, the tire played no role in the truck leaving the roadway. This evidence, it is urged, supported Firestone's contention that the crash resulted from Pinyan's own acts and not from a tire blowout.

Error in excluding this testimony, if any, was clearly harmless under the circumstances. Testimony identical to that excluded, as demonstrated by the proffer, was given by at least one other witness and substantially the same evidence was given by at least two other witnesses. *Southern R. Co. v. Garner,* 101 Ga. App. 371 (114 SE2d 211) (1960).

7. Firestone urges that the trial court erred in entering judgment on the verdict. This enumeration is predicated upon Firestone's contention that the jury returned its original "verdict" against both Firestone and the other defendant, Hertz, which verdict the court refused to accept and that the jury subsequently returned a verdict finding only against Firestone and upon which judgment was entered. The record reveals, however, that the jury was obviously confused as to whether they had the power to apportion damages between the two defendants, they returned to the courtroom where they intimated they had found against both defendants, specifying no amounts, but that they wanted to apportion damages. The judge instructed as to this issue and the jury foreman indicated that "we would want to discuss the matter further." The jury then left for further deliberations and returned the verdict finding only against Firestone.

There was no error in entering judgment on this verdict, as it was the only "verdict" in the case. The inquiry and colloquy concerning apportionment of damages was not a verdict. "[W]here the announcement by the jury is an inquiry—and not a pronouncement, '[t]he law allows the jury all reasonable opportunity, before their verdict is put on record and they are discharged, to discover and declare the truth according to the judgment.' [Cit.]" *Sears, Roebuck*

*& Co. v. Chandler,* 152 Ga. App. 427, 432 (263 SE2d 171) (1979). No verdict was received, published or recorded in the instant case prior to that returned solely against Firestone. *Haughton v. Judsen,* 116 Ga. App. 308, 311 (157 SE2d 297) (1967).

8. Arguments that the verdict should be set aside as excessive are without merit. *Realty Bond &c. Co. v. Harley,* 19 Ga. App. 186 (2) (91 SE 254) (1917). "The law fixes no measure for pain and suffering except the enlightened conscience of impartial jurors . . ." *City of Rome v. Davis,* 9 Ga. App. 62, 67 (70 SE 594) (1911).

9. Finally, Firestone argues that "the totality and cumulative effect of all the above errors" prevented it from receiving a fair trial. We find this enumeration and argument uncompelling. " 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.' " *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70) (1970).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 13, 1980 — DECIDED
JULY 15, 1980.

*Alfred B. Adams, III, Gregory J. Digel, Charles B. Tanksley,* for appellant.

*Lynn A. Downey, Donald M. Fain, Gene A. Major,* for appellees.